**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| David E. Mack, | ) |
|        Plaintiff, | ) |
| v. | ) NO. 4:18-cv-00006-ALM-CAN |
| Experian Information Solutions, Inc.; Trans Union LLC; Equifax, Inc., | ) **JURY TRIAL DEMANDED** |
|        Defendants. | ) |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, answers Plaintiff David E. Mack's Complaint ("Complaint") as follows:

**JURISDICTION**

1.     In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion that is not subject to denial or admission.

2.     In response to paragraph 2 of the Complaint, Experian states that this is a legal conclusion that is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff is David E. Mack. As to the remaining allegations contained in paragraph 3, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraph 4 of the Complaint, Experian admits that it has corporate offices in Costa Mesa, California. Experian further admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VENUE

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Complaint, Experian admits that Plaintiff has alleged venue in this district is proper. Experian states that this is a legal conclusion that is not subject to denial or admission.

## **GENERAL ALLEGATIONS**

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to whether certain information was required to be disclosed under 15 U.S.C. § 1681g(a)(1), Experian states that this is a legal conclusion that is not subject to denial or admission.

26. In response to paragraph 26 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian's liability under the Fair Credit Reporting Act. As to the allegations in paragraph 29 of the Complaint that relate to requests made to the other defendants, Experian does not have knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31. In response to paragraph 31, Experian incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

32. In response to paragraph 32 of the Complaint, Experian states that the allegations of paragraph 32 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

34. In response to paragraph 34 of the Complaint, Experian states that the allegations of paragraph 34 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

In response to the first unnumbered paragraph on page 6 of the Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff is entitled to judgment against or any relief whatsoever from Experian.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

35. In response to paragraph 35, Experian incorporates by reference paragraphs 1 through 30 of this Answer as though fully stated herein.

36. In response to paragraph 36 of the Complaint, Experian states that the allegations of paragraph 36 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian states that the allegations of paragraph 37 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian states that the allegations of paragraph 38 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the second unnumbered paragraph on page 6 of the Complaint beginning "WHEREFORE", Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

39. In response to paragraph 39, Experian incorporates by reference paragraphs 1 through 30 of this Answer as though fully stated herein.

40. In response to paragraph 40 of the Complaint, Experian states that the allegations of paragraph 40 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian states that the allegations of paragraph 41 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42. In response to paragraph 42 of the Complaint, Experian states that the allegations of paragraph 42 contain legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph on page 7 of the Complaint beginning "WHEREFORE", Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in that paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR A TRIAL BY JURY

43. Experian admits that Plaintiff has demanded trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Each cause of action in the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
## (IMMUNITY)

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FIFTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE
## (LACHES)

Each cause of action and claim for relief in the Complaint is barred by laches.

## SEVENTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence that equaled or exceeded any alleged negligence or wrongdoing by Experian.

## EIGHTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

Any damages that Plaintiff may have suffered, which Experian denies, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

All claims for relief in the Complaint are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

Each claim for relief in the Complaint that seeks equitable relief is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
### (RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### PRAYER FOR RELIEF

Experian therefore requests:

(1) That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed in its entirety with prejudice;

(2) That costs of suit and attorneys' fees be awarded to Experian; and

(3) For such other and further relief as the Court may deem just and proper.


Dated: January 25, 2018

Respectfully submitted,

　　*/s/ Richard J. Johnson*
Richard J. Johnson
Lead Attorney
Texas State Bar No. 24088799
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, Texas 75201-1515
Telephone: (214) 969-3788
Facsimile: (214) 969-5100

John A. Vogt
(*pro hac vice forthcoming*)
JONES DAY
3161 Michelson Drive, Suite 800

        Irvine, California  92612
        Telephone: (949) 851-3939
        Facsimile: (949) 553-7539
        javogt@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2018.

I further certify that I caused a copy of the foregoing document and a copy of the notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participant on January 25, 2018:

>David E. Mack
>7720 McCallum Blvd No. 2099
>Dallas, TX 75252

>_/s/ Richard J. Johnson_
>Richard J. Johnson