# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID E. MACK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. ) 4:18-cv-00006-ALM-CAN |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al. | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT EQUIFAX INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Equifax Inc., by Counsel, and for its response to Plaintiff's Complaint states as follows:

## PRELIMINARY STATEMENT

In answering the Complaint, Equifax Inc. states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax Inc. denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax Inc. responds as follows:

1. To the extent Plaintiff has properly alleged his claims, Equifax Inc. admits this Court may exercise its jurisdiction.

2. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Equifax Inc. admits that Plaintiff is a natural person. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Equifax Inc. denies it is a consumer reporting agency. Equifax Inc. admits the remaining allegations in Paragraph 5.

6. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Equifax Inc. denies the allegations in Paragraph 11.

12. Equifax Inc. denies the allegations in Paragraph 12.

13. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Equifax Inc. denies the allegations in Paragraph 15 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Equifax Inc. denies the allegations in Paragraph 16 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. Equifax Inc. denies the allegations in Paragraph 17 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17.

18. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax Inc. denies the allegations in Paragraph 20.

21. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Equifax Inc. denies the allegations in Paragraph 22 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax Inc. denies the allegations in Paragraph 24 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24.

25. Equifax Inc. denies the allegations in Paragraph 25 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25.

26. Equifax Inc. denies the allegations in Paragraph 26 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax Inc. denies the allegations in Paragraph 28 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28.

29. Equifax Inc. denies the allegations in Paragraph 29 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Equifax Inc. denies the allegations in Paragraph 30 as they pertain to Equifax Inc. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30.

31. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 30.

32. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 34.

36. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax Inc. is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax Inc. reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 38.

40. Equifax Inc. admits the allegations in Paragraph 40.

41. Equifax Inc. denies the allegations in Paragraph 41.

42. Equifax Inc. denies the allegations in Paragraph 42 and denies Plaintiff is entitled to any relief claimed in the subsequent WHEREFORE Paragraph.

43. Equifax Inc. admits Plaintiff has demanded a trial by jury and likewise demands a jury trial in this case.

44. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax Inc. is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax Inc. pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible.

## SECOND DEFENSE

The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault.

## THIRD DEFENSE

Equifax Inc. is not a proper party to this action.

## FOURTH DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the FCRA.

## FIFTH DEFENSE

Equifax Inc. denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer.

## SIXTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his

failure to mitigate alleged losses.

**SEVENTH DEFENSE**

Equifax Inc. reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax Inc. prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) That Equifax Inc. be dismissed as a party to this action;

(3) That this lawsuit be deemed frivolous and Equifax Inc. recover from plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(4) That Equifax Inc. recover such other and additional relief, as the Court deems just and appropriate.

Dated: February 2, 2018　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　KING & SPALDING LLP

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Kendall W. Carter*
　　　　　　　　　　　　　　　　　　　　　　　　　Kendall W. Carter
　　　　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24091777
　　　　　　　　　　　　　　　　　　　　　　　　　kcarter@kslaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　1180 Peachtree Street NE
　　　　　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　　　　　　　　　　　　　Tel (404) 572-2459

　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Equifax Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Richard J Johnson | Kristin Lee Marker |
| Jones Day - Dallas | Strasburger & Price, LLP - Frisco |
| 2727 North Harwood Street | 2600 Dallas Parkway, Suite 600 |
| Dallas, TX 75201-1515 | Frisco, TX 75034 |

And via U.S. Mail to:

David E Mack
7720 McCallum Blvd No. 2099
Dallas, TX 75252

Dated: February 2, 2018.

                                                     */s/ Kendall W. Carter*
                                                     Kendall W. Carter