IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. ET AL<br>*Defendants.* | §§§§§§§§§§§ Case No. 4:18-cv-00006-ALM-CAN |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT**

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Experian Information Solutions, Inc.'s (Experian) Affirmative Defenses numbered 3 thru 10 on the grounds that they are insufficient as they fail to state legal or factual defenses.

**MEMORANDUM**

Plaintiff filed this lawsuit on January 3, 2018. On January 25, 2018 Defendant Experian filed an Answer and Affirmative Defenses to Plaintiff's Original Complaint.

**STANDARD OF REVIEW**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," upon a party's motion or sua sponte. Fed. R. Civ. P. 12(f). [B]ecause striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." F.D.I.C. v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses. *Woodfield v.*

*Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. *See EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**Third Defense**. <u>All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true</u>. This is not a valid affirmative defense and has no basis whatsoever in light of the claims made. Plaintiff clearly states in his Complaint [Doc. 1 ¶ 34] that his claim is based on Experian's failure to comply with 15 U.S.C. § 1681g(a)(l) by not providing his **full consumer file disclosure** after multiple proper and specific requests for it. Plaintiff makes no claims whatsoever about information that was allegedly furnished to any other parties. This defense has no merit or relevance to the claims made and should be stricken.

**Fourth Defense**. <u>Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility</u>. This is not a defense. Defendant is only responsible for its own acts or omissions. This is nothing more than yet another boilerplate affirmative defense with no basis in fact. Defendant has not identified any third parties, or any of their employees, agents or principals that possibly could have been involved when the request for Plaintiff's full consumer file disclosure was made *directly to Experian* and through no other intermediary persons or entities as stated in the complaint.

Plaintiff has made no claims against any parties other than Experian for its failure to provide his full consumer file disclosure as requested pursuant to the FCRA and in fact it is apparent there could be no other parties involved. This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should therefore be stricken.

**Fifth Defense**. Plaintiff has failed to mitigate his damages. Failure to mitigate is not a defense to an award of statutory damages. This is not a valid affirmative defense given the claims made and should be stricken because it has no basis in law or in any recognized legal theory. Plaintiff in any case clearly articulated his efforts to mitigate damages when he sent his second and final request for his full consumer file disclosure after Experian failed to properly respond to his first request. [Doc. 1 -3] Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statute allows and this affirmative defense is a waste of toner.

**Sixth Defense.** Each cause of action and claim for relief in the Complaint is barred by laches. Defendant brings this defense in a conclusory manner with no attendant facts whatsoever in support of its defense. Plaintiff brought his claims within 60 days of the actual violation which occurred after his second request for his full consumer file disclosure was not properly responded to which could by no stretch of the imagination be construed as an unnecessary delay. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal.

2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Seventh Defense**. Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence that equaled or exceeded any alleged negligence or wrongdoing by Experian. Defendant brings yet another conclusory defense before the court devoid of any facts to support it. On its face the defense is frivolous in that the only parties involved in this action are obviously the Plaintiff and Experian with the United States Postal Service (USPS) acting solely as courier in transporting documents between the parties. The far-fetched contention that the Plaintiff was somehow negligent in any manner by simply requesting what he is entitled to under the FCRA or the USPS was negligent in delivering documents between the parties is an insult to the court and a waste of its time. In addition this affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Eighth Defense**. Any damages that Plaintiff may have suffered, which Experian denies, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages. Defendant once again brings a defense in a conclusory fashion and fails to elucidate any alleged conduct by Plaintiff that could possibly under any conceivable set of circumstances have caused the damages suffered by him. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be

stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

**Ninth Defense**. All claims for relief in the Complaint are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p. This is nothing more than yet another boilerplate affirmative defense with no basis or merit whatsoever. There is no question that the claims made by Plaintiff were brought within the statute of limitations under the FCRA which is 2 years from the date of discovery of the violation as pleaded by Plaintiff. Plaintiff made two separate requests directly to Experian for his full consumer file disclosure which were sent by certified mail in September and October 2017. [Doc. 1-2, 1-3] This action was filed on January 3, 2018. All relevant events including the filing of this lawsuit occurred within a mere 120 days, well within the 2 year statute of limitations as pleaded in the complaint. Defendant advances no facts or legal basis for the court to conclude that the claims made should be barred under the 2 year statute of limitations. When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim. " FDIC v. Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y.1990); see also Metric Hosiery Co. v. Spartans Indus., Inc., 50 F.R.D. 50, 51-52 (S.D.N.Y.1970). Defendant's ninth defense is without merit and should be stricken.

**Tenth Defense**. Each claim for relief in the Complaint that seeks equitable relief is barred by the doctrine of unclean hands. Defendant brings this defense in a conclusory fashion and presents no facts whatsoever in support of its contention. "A defense should be struck when

it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989). Furthermore, broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. *See Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004). This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* as well and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant's Affirmative Defenses numbers 3 thru 10 and for any other relief this Court deems just and proper.

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was sent to the parties listed below by first class mail USPS.

**Counsel for Defendant Experian Information Solutions, Inc.**
Richard J. Johnson
JONES DAY
2727 N. Harwood St.
Suite 500
Dallas, Texas 75201

**Counsel for Defendant Trans Union, LLC**
Kristin Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, Texas 75024

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King and Spaulding, LLP
1180 Peachtree Street
Atlanta, GA 30309

Dated February 2, 2018

_____
David E. Mack