IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK,

    Plaintiff,

v.                                                              Case No. 4:18-cv-00006-ALM-CAN

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and EQUIFAX INC.,

    Defendants.

**DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Trans Union LLC ("Trans Union") hereby files this motion to dismiss the Complaint ("Complaint") filed by Plaintiff David E. Mack ("Plaintiff").

### I.    FACTUAL BACKGROUND

On or about January 3, 2018, *pro se* Plaintiff David E. Mack[1] sued Experian Information Solutions, Inc., Equifax, Inc., and Trans Union, LLC, seeking statutory damages and costs related to alleged violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff claims that he requested, and received, consumer disclosures from each of the named Defendants. He generally alleges that the disclosure he received did not constitute his "full consumer file disclosure," in violation of § 1681g. Although he claims this constitutes a violation of the FCRA, he does not provide any factual basis to support his claims against Trans Union.

---

[1] A PACER search for the Plaintiff in the Eastern District of Texas reveals that he has significant experience filing *pro se* Complaints—he has filed <u>over 100 Complaints in the District</u> since 2013. While Courts do afford *pro se* litigants a "liberal construction" of their pleadings, *pro se* plaintiffs are still bound by the Federal Rules of Civil Procedure. *See, e.g., Moss v. Clark*, 2014 U.S. Dist. LEXIS 31885, at *9-10 (N.D. Tex. Feb. 13, 2014). This Plaintiff in particular, based on his frequent filing in the Eastern District, should be familiar with the pleading requirements of the FRCP.

## II. MOTION TO DISMISS UNDER RULE 12(b)(6)

Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff presents no factual allegations in his Complaint to support his claims against Trans Union, instead making only speculative and conclusory allegations. Plaintiff's allegations do not provide Trans Union with adequate notice of the basis of the claims asserted against it, and Trans Union's Motion to Dismiss should be granted.

## III. APPLICABLE LEGAL STANDARD

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1401-02 (5th Cir.1996). The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir.1999).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ). A "plausible claim for relief" is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Such a claim "asks for more than a sheer possibility that a defendant

has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555). A court should therefore identify and reject legal conclusions unsupported by factual allegations because they "are not entitled to the assumption of truth." *Id.*

When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory adumbrated in the complaint… ." *Podiatrist Ass'n v. La Cruz Azul de P.R., Inc.*, 332 F.3d 6, 19 (1st Cir.2003). "The threshold for stating a claim may be low, but it is real." *Id*. " The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id*.

## IV.  ARGUMENT AND AUTHORITIES

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6)**

1. **Plaintiff's Complaint Fails to State Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g**

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Plaintiff alleges that Trans Union "failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." *See* Complaint at ¶ 38. Section 1681g(a)(1) states that upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request," except that (A) if the consumer requests that his social security number be

3

masked the CRA shall do so, and (B) the CRA is not required to disclose information about credit scores "or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on Section 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file.

    2.    **"Consumer file" is defined as the information contained in a consumer's disclosure/credit report**

Plaintiff claims that Trans Union violated 15 U.S.C. § 1681g, which requires Trans Union to disclose in writing all of the information pertaining to the consumer in files of the consumer reporting agency ("CRA") at the time a request is made. Federal courts and the Federal Trade Commission ("FTC"), the federal agency formerly charged with enforcing and interpreting the FCRA,[2] have limited the scope of the term "file" to material included in a consumer report that would be sent to a third party. The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907. 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on § 1681g(a)(1) regarding the limited scope of the term "file": "The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest

---

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary"). The report stated that the CRA must disclose all items in the consumer's file, but that "ancillary records", for example, "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *See* 40 Years Commentary, p. 71.

The pervasiveness and significance of the FTC interpretation remains true today. The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added).

3. **Plaintiff admits he received two copies of his consumer disclosure**

Plaintiff's sole allegation against Trans Union is that he did not receive his "full consumer file disclosure" as requested. *See* Complaint, at ¶¶ 13-14. Plaintiff states that he sent Trans Union a request for his full consumer file disclosure, and in response received a copy of his "Trans Union Credit Report." *Id.* at ¶¶ 13-14. He sent a response to Trans Union requesting "ALL INFORMATION" in his consumer file, and cited 15 U.S.C. § 1681g(a) for categories of information specifically requested. *Id.* at Ex. 1. In response, Trans Union sent him another copy of his "Trans Union Credit Report." *Id.* at ¶ 21. Plaintiff does not dispute that he received these disclosures from Trans Union upon his request, as required by § 1681g.

Thus, by Plaintiff's own admission, Trans Union complied with § 1681g(a)(1) and relevant federal case precedent by providing his consumer disclosure. Accordingly, Plaintiff has failed to allege sufficient facts to support a cause of action against Trans Union under the FCRA, and the Court should dismiss his claims under Rule 12(b)(6).

4. **Plaintiff provides no factual basis for his assertion that the "Trans Union Credit Report" was not his "full consumer file disclosure"**

Plaintiff makes no claim that any of the information contained in his consumer disclosure was inaccurate or that any specific information that should have been in the disclosure was missing. Rather, he speculates with no factual basis that information has been excluded from his consumer file. He assumes that such information includes the following categories:

- "information that was previously shown in his credit reports that is now archived";
- "additional information never seen by him that is provided to prospective creditors, insurers or employers who request information on Plaintiff," *Id.* at ¶ 22;
- "negative codes among other things that are provided to prospective creditors, insurers or employers" *Id.* at ¶ 23; and

5

- "…far more information relating to Plaintiff in [Defendants'] files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy." *Id.* at ¶ 25.

Specifically, he alleges "**[u]pon information and belief**" that these types of information are missing from his disclosure. *Id.* at ¶¶ 22, 23, and 25 (emphasis added). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: 1) where the facts are peculiarly within the possession and control of the defendant, or 2) where the belief is based on factual information that makes the inference of culpability facially plausible. *See, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 100 (2d Cir. 2010); *Mathews v. Bowie County*, 2013 U.S. Dist. LEXIS 130978 (E.D. Tex. Sept. 13, 2013). However, the "mere invocation of the phrase 'information and belief' does not circumvent the pleader's responsibility to set forth a claim for relief which is plausible on its face—in other words, a claim which presents factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mathews*, 2013 U.S. Dist. LEXIS 130978 at *8.

Here, the Complaint contains mere conclusory statements and speculation, and provides no factual basis for the assertion that any specific information has been excluded from his consumer disclosure. His Complaint should be dismissed because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

9714621.2/SP/83057/3208/020918

Respectfully submitted,


*/s/ Kristin Marker*
**KRISTIN MARKER**
Attorney in Charge
Texas Bar No. 24098036
kristin.marker@strasburger.com
**STRASBURGER & PRICE, LLP**
2600 Dallas Parkway, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3962
Facsimile:  (469) 227-6537
*Counsel for Defendant Trans Union LLC*

9714621.2/SP/83057/3208/020918

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of February, 2018, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Richard J. Johnson | Kendall W. Carter |
| rjohnson@jonesday.com | kcarter@kslaw.com |
| Jones Day | King & Spalding LLP |
| 2727 North Harwood Street | 1180 Peachtree Street NE |
| Dallas, TX 75201 | Atlanta, GA 30309 |
| (214) 969-3788 | (404) 572-2495 |
| (214) 969-5100 Fax | (404) 572-5138 Fax |
| *Counsel for Experian Information Solutions, Inc.* | *Counsel for Equifax, Inc.* |

and I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

David E. Mack
7720 McCallum Boulevard, No 2099
Dallas, TX 75252
*Pro Se Plaintiff*

*/s/ Kristin Marker*
**KRISTIN MARKER**