UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| David E. Mack, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 4:18-cv-00006-ALM-CAN |
| | ) |
| Experian Information Solutions, Inc.; | ) |
| Trans Union LLC; Equifax, Inc., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian"), by and through its undersigned counsel, files its Response to Plaintiff David E. Mack's Motion to Strike Defendant Experian Information Solution, Inc.'s Affirmative Defenses and Memorandum in Support ("Motion to Strike"). (Dkt. No. 13.) Plaintiff moved to strike Experian's Third through Tenth Affirmative Defenses.[1] Although Experian maintains that all of its affirmative defenses were properly pled, Experian hereby offers to withdraw without prejudice its Third, Fourth, Sixth, and Ninth Affirmative Defenses (Truth/Accuracy of Information, Indemnification, Laches, and Statute of Limitations). Experian's remaining affirmative defenses are well-pled and should not be struck.

**BACKGROUND**

On January 3, 2018, Plaintiff filed suit against Experian as well as Equifax, Inc. and Trans Union, LLC (the "Complaint"). (Dkt. No. 1.) Plaintiff's Complaint alleged violations of

---

[1] Experian's Third through Tenth Affirmative Defenses are Truth/Accuracy of Information, Indemnification, Failure to Mitigate Damages, Laches, Contributory/Comparative Fault, Estoppel, Statute of Limitations, and Unclean Hands.

the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1), related to Experian's alleged failure to provide Plaintiff with a "full consumer file disclosure." *Id.* at 2-3. On January 25, 2018, Experian filed its Answer and Affirmative Defenses. (Dkt. No. 7.) Experian's Answer and Affirmative Defenses asserted eleven affirmative defenses that Experian intended to develop through discovery. *Id.* at 9-11. Plaintiff filed his Motion to Strike on February 2, 2018. (Dkt. No. 13.)

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(f) empowers the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, as Plaintiff himself concedes, "striking a portion of a pleading is a drastic remedy . . . [M]otions under Rule 12(f) are viewed with disfavor and are infrequently granted." (Motion to Strike at 1 (quoting *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).

When pleading affirmative defenses, the Defendant need only recite a short and plain statement of the defense being asserted that will give the other party "fair notice" of the claim and the grounds upon which it rests. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see also SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 16-CV-01165-RWS-JDL, 2017 WL 5150682, at *7 (E.D. Tex. Mar. 21, 2017) (same); *Campmed Cas. & Indemn. Co. v. Specialists on Call, Inc.*, No. 16-CV-00452, 2017 WL 373463, at *3 (E.D. Tex. Jan 26, 2017) (same). The "fair notice" requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362 (citation omitted).

Additionally, the court must not strike a defense as immaterial or impertinent unless "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party." *Microsoft Corp. v.*

*Worth*, No. 3:06-cv-2213, 2007 WL 1975574, at * 2 (N.D. Tex. July 5, 2007) (citation omitted). Affirmative defenses should be stricken only when insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

## ARGUMENT

Plaintiff attacks Experian's Fifth, Seventh, Eighth, and Tenth Affirmative Defenses as "boilerplate" and "conclusory" statements made with no basis in fact or law. *See* Motion to Strike at 2-6. In doing so, Plaintiff attempts to impose a heightened pleading standard upon Experian's affirmative defenses which, as discussed above, does not apply here. At the pleading stage, Experian is only required to set forth its affirmatives defenses in general terms, which it has done. It is not required to "elucidate any alleged conduct" as Plaintiff requests. Motion to Strike at 4. Indeed, the Fifth Circuit acknowledged that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Woodfield*, 193 F.3d at 362.

Plaintiff also claims that Experian's affirmative defensives are insufficient to meet the "fair notice" standard. Yet Plaintiff's interpretation of "fair notice" would wrongly require Experian to assert comprehensive facts in support of each affirmative defense. Experian need not give fair notice by pleading every fact potentially relevant to a defense; it must only ensure that Plaintiff is not a "victim of unfair surprise." *Id*. Plaintiff cannot show this to be the case, especially because of the inclusion of various of the affirmative defenses in Rule 8(c). Experian's Seventh and Eighth Affirmative Defenses (Contributory/Comparative Fault and Estoppel), for example, are listed in Rule 8(c) as available affirmative defenses and clearly put Plaintiff on notice of Experian's defenses. Similarly, Experian's Fifth Affirmative Defense (Failure to Mitigate Damages) is an affirmative defense "within the ambit of Rule 8(c)." *F.D.I.C.*, 821 F. Supp. at 453.

Further, nowhere in the Motion to Strike does Plaintiff demonstrate that Experian's Fifth, Seventh, Eighth, and Tenth Affirmative Defenses have no possible relation to this case. These affirmative defenses, such as failure to mitigate damages (Fifth Affirmative Defense) and contributory/comparative fault (Seventh Affirmative Defense), raise factual issues to be determined on the merits and are not appropriately disposed of at the pleading stage. Additionally, as the moving party, Plaintiff bore the burden of establishing that it would be prejudiced by Experian's affirmative defenses. Plaintiff has wholly failed to make this showing. And because Plaintiff fails to demonstrate prejudice or that the affirmative defenses bear no possible relation to his claims, he has not met the standard for the "drastic" and "disfavored" remedy under Rule 12(f). *F.D.I.C.*, 821 F. Supp. at 449.

At this time, Experian is willing to withdraw its Third, Fourth, Sixth, and Ninth Affirmative Defenses (Truth/Accuracy of Information, Indemnification, Laches, and Statute of Limitations) without prejudice. Should additional facts become known through discovery that bear on these defenses, Experian will seek leave of Court to reassert these defenses and puts Plaintiff on notice of its preservation of this right.

## CONCLUSION

For all of these reasons, Experian respectfully requests that this Court DENY Plaintiff's Motion to Strike as to the Fifth, Seventh, Eighth, and Tenth Affirmative Defenses. Experian withdraws its Third, Fourth, Sixth, and Ninth Affirmative Defenses without prejudice. Experian further asks that to the extent this Court grants Plaintiff's motion, it does so without prejudice and with leave for Experian to re-plead its affirmative defenses.

Dated: February 16, 2018          Respectfully submitted,


   */s/ Richard J. Johnson*
Richard J. Johnson
Lead Attorney
Texas State Bar No. 24088799
JONES DAY
2727 North Harwood Street
Suite 500
Dallas, Texas 75201-1515
Telephone: (214) 969-3788
Facsimile: (214) 969-5100

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

- 6 -

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 16, 2018.

    I further certify that I caused a copy of the foregoing document and a copy of the notice of electronic filing to be mailed by first-class mail, postage paid, to the following non-ECF participant on February 16, 2018:

>David E. Mack
>7720 McCallum Blvd No. 2099
>Dallas, TX 75252

                                          */s/ Richard J. Johnson*
                                          Richard J. Johnson