

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK
*Plaintiff,*

vs

EXPERIAN INFORMATION
SOLUTIONS, INC. ET AL
*Defendants.*

Case No. 4:18-cv-00006-ALM-CAN

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT EQUIFAX, INC.S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Equifax Inc.'s (Equifax) Affirmative Defenses numbered 1 thru 3, 5,6 on the grounds that they are insufficient as they fail to state legal or factual defenses.

### MEMORANDUM

Plaintiff filed this lawsuit on January 3, 2018. On February 2, 2018 Defendant Equifax filed an Answer and Affirmative Defenses to Plaintiff's Original Complaint.

### STANDARD OF REVIEW

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," upon a party's motion or sua sponte. Fed. R. Civ. P. 12(f). [B]ecause striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *F.D.I.C. v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses. *Woodfield v.*

*Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. *See Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. *See EEOC v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense**. Plaintiff's damages, if any, were not caused by Equifax Inc., but by another person or entity for whom or for which Equifax Inc. is not responsible. This is a conclusory defense devoid of any facts in support of it. On its face the defense is frivolous in that the only parties involved in this action are the Plaintiff and Equifax with the United States Postal Service (USPS) acting solely as courier in transporting documents between the parties. This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

**Second Defense**. The Complaint is barred by the fault and negligence of other persons or entities and plaintiff's damages, if any, should be apportioned according to the principles of comparative fault. Defendant brings yet another conclusory defense before the court devoid of any facts to support it. On its face the defense is frivolous in that the only parties involved in this action are obviously the Plaintiff and Equifax with the United States Postal Service (USPS) acting solely as courier in transporting documents between the parties. The far-fetched contention that other parties are at fault or were negligent when Plaintiff made a direct request to Equifax and it responded to him with the USPS only acting as courier for the communications between the parties is without merit and presents yet another waste of time and money litigating an invalid defense. In addition, this affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

**Third Defense**. <u>Equifax Inc. is not a proper party to this action</u>. Plaintiff's claim is based on a request made to Equifax and their lack of a proper response as required by law to his request for his full consumer file disclosure which was made under 15 U.S.C. § 1681g. Equifax operates as a consumer reporting agency governed by the Fair Credit Reporting Act (FCRA). There were no other parties involved in any of the activities between the parties other than the USPS as courier for documents between the parties and no other party alleged to be a proper party has been identified by Equifax. This affirmative defense is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

**Fifth Defense**. <u>Equifax Inc. denies each and every averment of Plaintiff's Complaint not specifically admitted in this Answer</u>. This is not a valid affirmative defense. It is nothing other than a repetitive blanket denial of allegations which are addressed in its answer to the complaint. It provides no specificity as to the denials and is insufficient to meet the "fair notice" standard under *Woodfield* and should be stricken.

**Sixth Defense**. <u>At all relevant times herein, the Plaintiff's alleged damages, which Equifax Inc. denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses</u>. Failure to mitigate is not a defense to an award of statutory or "putative" damages. This is not a valid affirmative defense given the claims made and should be stricken because it has no basis in law or in any recognized legal theory. Plaintiff in any case clearly articulated his efforts to mitigate damages when he sent his second and final request for his full consumer file disclosure after Equifax failed to properly respond to his first request. [Doc. 1-3] Plaintiff has the burden of demonstrating that he is entitled to whatever damages the statute allows and this affirmative defense should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant's Affirmative Defenses numbers 1 thru 3, 5,6 and for any other relief this Court deems just and proper.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the parties listed below via email on the date below.

**Counsel for Defendant Experian Information Solutions, Inc.**
Richard J. Johnson
JONES DAY
2727 N. Harwood St.
Suite 500
Dallas, Texas 75201
jjohnson@jonesday.com

**Counsel for Defendant Trans Union, LLC**
Kristin Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
kristin.marker@strasburger.com

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King and Spaulding, LLP
1180 Peachtree Street
Atlanta, GA 30309
kcarter@kslaw.com

Dated February 23, 2018

_____
David E. Mack