FILED

FEB 2 6 2018

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. ET AL<br>*Defendants.* | Case No. 4:18-cv-00006-ALM-CAN |

## PLAINTIFF'S SECOND MOTION TO STRIKE DEFENDANT EQUIFAX, INC.S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

Plaintiff hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Equifax Inc.'s (Equifax) Affirmative Defenses 1 and 2 of its Amended Answer and Affirmative Defenses filed on February 22, 2018 [Doc. 19] on the grounds that they are insufficient as they fail to state legal or factual defenses.

## MEMORANDUM

Plaintiff filed this lawsuit on January 3, 2018. On February 2, 2018 Defendant Equifax filed an Answer and Affirmative Defenses to Plaintiff's Original Complaint. [Doc. 11] On February 22, 2018 at the eleventh hour Equifax filed an Amended Answer and Affirmative Defenses to Plaintiff's Original Complaint unknown to Plaintiff until the following day. [Doc. 19] Plaintiff had noticed Equifax he was going to file a motion to strike most of its affirmative defenses if not withdrawn and at the eleventh hour it withdrew them filing the Amended Answer and New Affirmative Defenses. On February 23, 2018 Plaintiff filed his first Motion to Strike Defendant's Affirmative Defenses in its original Answer as he had told Equifax he would do. [Doc. 20] Plaintiff

now files his second Motion to Strike Affirmative Defenses in Defendant's Amended Answer and Affirmative Defenses filed on February 22, 2018. [Doc. 19]

## STANDARD OF REVIEW

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," upon a party's motion or sua sponte. Fed. R. Civ. P. 12(f). [B]ecause striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *F.D.I.C. v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993) (Cummings, J.) The Rule applies to complaints as well as affirmative defenses. *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999). The purpose of a motion to strike under Rule 12(f) is to test the legal validity of a defense. The motion to strike should be granted only if the insufficiency of the defense is clearly apparent. *See Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d Cir. 1986). Therefore, to prevail on a motion to strike an insufficient defense, a plaintiff must show that there is no issue of fact that might allow the defense to succeed, nor any substantial question of law. *See EEOC v. Bay Ridge Toyota, Inc.,* 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**First Defense**. Equifax Inc. is not a proper party to this action. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

**Second Defense**. Equifax Inc. is not a consumer reporting agency as defined by the FCRA. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

Equifax attempts to hide behind a corporate structure with numerous entities using the "Equifax" name to avoid liability. Equifax, Inc. holds itself out to be one of the 3 major consumer reporting agencies in the United States yet when challenged in court attempts to play the name game and waste this court's time and resources. When Mr. Mack wrote a letter to "Equifax" and requested his full consumer file disclosure [Doc. 1-2] he received a response from "Equifax" not some other entity. [See Exhibit 1 attached] Mr. Mack did not receive a response that said you have contacted the wrong party in that Equifax is not a consumer reporting agency and does not provide the information you have requested. Instead he DID receive a credit report (a consumer report) from Equifax with consumer information in it although it was not responsive to his multiple requests. Now Equifax argues *__Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes__* in its Affirmative Defenses. How is it that Mr. Mack received his Equifax credit report when he wrote to "Equifax" specifically requesting it if they don't "handle consumer credit files or issue consumer credit reports....."?

Bloomberg provides the following overview of Equifax, Inc.:

> Equifax Inc. provides information solutions and human resources business process outsourcing services for businesses, governments, and consumers. The company operates through four segments: U.S. Information Solutions (USIS), International, Workforce Solutions, and Global Consumer Solutions. The USIS segment offers consumer and commercial information services, such as credit information and credit scoring, credit modeling and portfolio analytics, locate, fraud detection and prevention, identity verification, and other consulting; mortgage loan origination information; financial marketing; and identity management services. The International segment provides information service products, which include consumer and commercial services, such as credit and financial information, and credit scoring and modeling; and credit and other marketing products and services, as well as offers information, technology, and services to support debt collections and recovery management. The Workforce Solutions segment provides employment, income, and social security number verification services; and payroll-based transaction and employment tax management services. The Global Consumer Solutions segment offers credit information, credit monitoring, and identity

theft protection products directly to consumers through the Internet and hard-copy formats. Equifax Inc. serves customers in financial service, mortgage, human resource, consumer, commercial, telecommunication, retail, automotive, utility, brokerage, healthcare, and insurance industries, as well as state and federal governments. It operates in the United States, Canada, Argentina, Brazil, Australia, New Zealand, Chile, Costa Rica, Ecuador, El Salvador, Honduras, Mexico, Paraguay, Uruguay, Peru, Portugal, the Republic of Ireland, Spain, the United Kingdom, Cambodia, Malaysia, India, Russia, and Singapore. Equifax Inc. was founded in 1899 and is headquartered in Atlanta, Georgia.

Various federal government agencies recognize Equifax as a consumer reporting agency and it has admitted to such and engaged in litigation in numerous locations nationally admittedly as a consumer reporting agency. To come before this Court with affirmative defenses it is not what it has widely admitted to being is a waste of this Court's time and judicial resources. As an example, the Consumer Financial Protection Bureau (CFPB) and Equifax Inc. entered into a Consent Decree dated January 3, 2017[1] wherein the CFPB stated in that **Consent Decree** on page 6:

## IV

### Bureau Findings and Conclusions

The Bureau finds the following:

4. Equifax Inc. is headquartered in Atlanta, Georgia, and compiles and maintains financial, consumer, and commercial data across the nation and worldwide. Equifax Inc. is the parent company of Equifax Consumer Services LLC.

5. Equifax Inc. is a "covered person" as that term is defined by the CFPA, 12 U.S.C. § 5481(6).

## 12 U.S. Code § 5481 - Definitions

(6) Covered person - The term "covered person" means—

---

[1] http://files.consumerfinance.gov/f/documents/201701_cfpb_Equifax-consent-order.pdf

(A) any person that engages in offering or providing a consumer financial product or service; and
(B) any affiliate of a person described in subparagraph (A) if such affiliate acts as a service provider to such person.

For the Defendant to come forward with these bogus affirmative defenses is but one example of the unsavory behavior of a company who has not only violated the law by not providing a full file disclosure to Mr. Mack when requested but has put well over 100 million people at risk nationwide due to its inept and careless aggregation of massive amounts of consumer data poorly secured with lax and in some cases almost non-existent safeguards. These affirmative defenses are a waste of judicial resources, add unnecessary costs of litigation and should be stricken.

## CONCLUSION

"A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), aff'd, 891 F.2d 457 (2d Cir. 1989).

Plaintiff requests the Court take judicial notice of the above noted **Consent** Decree as evidence of Equifax's own admission of it operating as a consumer reporting agency to avoid any further dilatory and obstructive actions regarding same during the course of this litigation.

WHEREFORE, for the reasons stated above Plaintiff requests this Honorable Court strike Defendant's Affirmative Defenses numbers 1 and 2 and for any other relief this Court deems just and proper.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the parties listed below via email on the date below.

**Counsel for Defendant Experian Information Solutions, Inc.**
Richard J. Johnson
JONES DAY
2727 N. Harwood St.
Suite 500
Dallas, Texas 75201
jjohnson@jonesday.com

**Counsel for Defendant Trans Union, LLC**
Kristin Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
kristin.marker@strasburger.com

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King and Spaulding, LLP
1180 Peachtree Street
Atlanta, GA 30309
kcarter@kslaw.com

Dated February 26, 2018

David E. Mack