IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK<br>    Plaintiff,<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., TRANS UNION LLC,<br>EQUIFAX, INC.<br>    Defendants. | § § § § § § § § § § § | Case. No. 4:18-cv-0006-ALM-CAN |

**REPORT OF RULE 26(f) PLANNING CONFERENCE**

In accordance with the Court's Order to Conduct Rule 26(f) Conference dated January 29, 2018, and the Federal Rules of Civil Procedure, David Mack (Plaintiff) and Experian Information Solutions, Inc., Trans Union LLC, and Equifax Inc. (Defendants), hereby submit this Report of Rule 26(f) Planning Meeting and state as follows:

    **1.** **Rule 26(f) Conference:** The Rule 26(f) Conference was held on or before February 19, 2018 between Plaintiff David Mack *pro se*, Jay Johnson, counsel for Experian Information Systems, Inc., Kendall Carter, counsel for Equifax, Inc. and Kristin Marker, counsel for Trans Union LLC.

    **2.** **Description of the Case:**

        **A.** **Plaintiff's Factual and Legal Contentions:** Plaintiff alleges that Experian Information Solutions, Inc., Trans Union LLC, and Equifax, Inc. willfully violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681g by failing to provide his full consumer file disclosure after multiple requests to do so.

**B.     Defendant Experian Information Solutions, Inc.'s Factual and Legal Contentions:** Plaintiff alleges that Experian willfully violated 15 U.S.C. §1681g(a)(1) of the FCRA by failing to provide him with a "full consumer file disclosure" upon request. Experian denies that it violated the FCRA and avers that it provided Plaintiff with file disclosures containing all of the information that Experian is required to provide to him under the law.

**C.     Defendant Trans Union LLC's Factual and Legal Contentions:** As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union has accurately reported credit information pertaining to the Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**D.     Defendant Equifax Inc.'s Factual and Legal Contentions:** Equifax Inc. asserts that it is not a consumer reporting agency as defined by the FCRA. Equifax Inc's wholly owned subsidiary, Equifax Information Services LLC ("EIS") is a consumer reporting agency as defined by the FCRA. EIS maintains reasonable policies and procedures to assure the maximum possible accuracy of the consumer reports it issues to third parties. EIS provided Plaintiff with a copy of his consumer file disclosure upon his request as required by the FCRA.

3. **Jurisdictional Basis:** Federal Question Jurisdiction, 28 U.S.C. § 1331; 15 U.S.C. § 1681.

4. **Parties:**

   A. Plaintiff, David Mack

   B. Defendant, Experian Information Solutions, Inc.

   C. Defendant, Trans Union LLC

   D. Defendant, Equifax, Inc.

5. **Related Cases:** None.

6. **Initial Disclosures:** The parties will complete the initial mandatory disclosures by **March 1, 2018** as required by this Court's January 29, 2018 Order.

7. **Proposed Scheduling Order Deadlines:**

   (1) Deadline for Motions to Transfer: **March 28, 2018.**

   (2) Deadline to add parties: **May 2, 2018.**

   (3) If the parties plan to mediate, state date parties propose: N/A

   (4) Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b): **May 30, 2018.**

   (5) Deadline for Plaintiff to file amended pleadings: **June 13, 2018.**

   (6) Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b): **June 27, 2018.**

   (7) Deadline to object to any other party's expert witnesses is **6 weeks** after disclosure of an expert is made.

   (8) Deadline for Defendant's final amended pleadings: **June 27, 2018.**

   (9) All discovery shall be commenced in time to be completed by **September 5, 2018.**

   (10) Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions: **October 3, 2018.**

(11) Notice of intent to offer certified records: **December 21, 2018.**

(12) Counsel and unrepresented parties are responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form by **December 21, 2018.**

(13) Video deposition designations are due by **December 28, 2018.**

(14) Motions in limine are due by **January 2, 2019.**

(15) Responses to motions in limine, objections to witnesses, deposition extracts and exhibits listed in the pre-trial order are due by **January 18, 2019.**

(16) The parties will file the proposed jury instructions/form of verdict by **January 18, 2019.**

8. **Mediation:** The parties decline mediation in this matter.

9. **Identity of Persons Expected to be Deposed:**

   **A. Plaintiff:** Plaintiff will depose corporate representatives of each Defendant and any other persons identified who have relevant information about consumer information related to Plaintiff in Defendants' files.

   **B. Defendant Experian Information Solutions, Inc.:** Plaintiff David Mack, any third parties identified by Plaintiff as having some knowledge or information regarding Plaintiff's dispute, and experts.

   **C. Defendant Trans Union LLC:** Plaintiff David Mack, potential fact witnesses, and Plaintiff's experts.

   **D. Defendant Equifax, Inc.:**

   Plaintiff David Mack

   Any witness listed by Plaintiff in his Initial Disclosures, or otherwise.

10. **Any Issues Relating to Disclosure or Discovery of Electronically Stored Information:** None at this time.

11. **Whether any Other Orders Should be Entered by the Court Pursuant to Fed. R. Civ. P. 26(c), 16(b) or 16(c):** All parties will agree to a protective order regarding discovery.

12. **Expected Length of Trial:** The parties anticipate trial will take 3-4 days.

13. **Attorneys Appearing on Behalf of the Parties at the Management Conference:**

David E. Mack appearing *pro se*

For Experian Information Solutions, Inc.: Jay Johnson of Jones Day

For Equifax, Inc.:  Kendall W. Carter of King & Spalding LLP

For Trans Union LLC:  Kristin Marker of Strasburger & Price LLP

14. **Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Conference Report:** The parties do not consent to a trial before a magistrate judge.

Dated:  March 2, 2018.

        Respectfully Submitted,
        __/s/David E. Mack_____
        David E. Mack *pro se*
        7720 McCallum Blvd. #2099
        Dallas, Texas  75252
        972-735-9642
        mack2001@swbell.net
        Plaintiff, *pro se*


        _/s/Autumn Hamit Patterson_____
        Richard J. Johnson
        jjohnson@jonesday.com

Autumn Hamit Patterson
ahpatterson@jonesday.com
JONES DAY
2727 N. Harwood Street
Dallas, Texas 75201
214-969-3788
*Attorney for Defendant,*
*Experian Information Solutions, Inc.*


 /s/Kendall W. Carter_____
Kendall W. Carter
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, Georgia 30309
404-572-2495
kcarter@kslaw.com
*Attorney for Defendant,*
*Equifax, Inc.*


  /s/Kristin Marker_____
Kristin Marker
STRASBURGER & PRICE LLP
2600 Dallas Parkway Suite 600
Frisco, Texas 75034
469-287-3900
kristin.marker@strasburger.com
*Attorney for Defendant,*
*Trans Union LLC*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 1, 2018.

I further certify that I caused a copy of the foregoing document and a copy of the notice of electronic filing to be mailed to the following non-ECF participant on March 1, 2018:

> David E. Mack
> 7720 McCallum Blvd No. 2099
> Dallas, TX 75252

 */s/ Autumn Hamit Patterson*
Autumn Hamit Patterson
