FILED
MAR 0 5 2018
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. ET AL<br>*Defendants.* | Case No. 4:18-cv-00006-ALM-CAN |

### PLAINTIFF'S SUR-REPLY IN SUPPORT OF HIS OPPOSITION TO DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS

**COMES NOW** Plaintiff, David E. Mack, pursuant to Local Rule 7(f) with his Sur-Reply in support of his Opposition and Memorandum to Defendant Trans Union LLC's Motion to Dismiss and states as follows:

### ARGUMENT

Trans Union, in its response to Mr. Mack's Opposition to its Motion to Dismiss, argues that he is confused. Nothing could be further from the truth. It appears the only party confused (or possibly appearing to be so intentionally) is Trans Union. Trans Union attempts to make something that should be extremely simple complex.

There is no confusion on Mr. Mack's part of what a "consumer file disclosure" is versus a "consumer report." Even a cursory reading of several paragraphs in his complaint [Doc. 1 ¶¶ 13, 14, 15, 17, 21, 25, 29] tells the entire story. Plaintiff makes no claims about any report being provided to a third party but instead references what could *potentially* happen if that were to occur with erroneous information in his consumer file being provided to a third party which he is unaware of and unable to review for accuracy.

Plaintiff made it clear beyond any question what he was asking for in the letters to Trans Union [Doc. 1-2, 1-3] and in presenting the facts in his lawsuit using the proper terminology directly out of the FCRA. As stated in his Opposition, Mr. Mack points out the exact language Trans Union had on the front page of the document provided to him in response to his request.... "Enclosed is the TransUnion **Personal Credit Report that you requested.**" How is sending a "personal credit report" responsive to a request for a **full consumer file disclosure**? Confusion reigns here but it is only on the part of Trans Union.

Trans Union also argues the court should disregard the extrinsic evidence introduced by Plaintiff in his Opposition but fails to take note of the fact that it was in response to its arguments that Plaintiff had no basis for his "information and belief" allegations in his complaint. Plaintiff was merely bringing forth the facts of his known "information" which led to his "belief" that there likely is more in his Trans Union consumer file than was disclosed. Trans Union's argument is an attempt to misdirect the court, is baseless and without merit.

The bottom line is very simple as previously stated by Plaintiff....... Why doesn't Trans Union just categorically state it provided all information in Mr. Mack's consumer file upon his request and this will all come to an end? The answer would seem to be rather obvious to any reasonable person. As Paul Harvey might have said, "there is more to the story." For Trans Union to come before the Court with its baseless arguments and attempts to confuse the Court is a waste of precious judicial resources.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order denying Trans Union's motion to dismiss and issue an Order for it to answer the Complaint so this case may move forward to adjudication on the merits.

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642
mack2001@swbell.net

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the parties listed below via email on the date below.

**Counsel for Defendant Experian Information Solutions, Inc.**
Richard J. Johnson
JONES DAY
2727 N. Harwood St.
Suite 500
Dallas, Texas 75201
jjohnson@jonesday.com

**Counsel for Defendant Trans Union, LLC**
Kristin Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
kristin.marker@strasburger.com

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King and Spaulding, LLP
1180 Peachtree Street
Atlanta, GA 30309
kcarter@kslaw.com

Dated March 5, 2018

_____
David E. Mack