**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| DAVID E. MACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXPERIAN INFORMATION SOLUTIONS, )<br>INC., et al. )<br>)<br>Defendants. ) | Civil Case No.<br>4:18-cv-00006-ALM-CAN |

**DEFENDANT EQUIFAX INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
SECOND MOTION TO STRIKE EQUIFAX'S AFFIRMATIVE DEFENSES**

NOW COMES Defendant Equifax Inc., by counsel, and responds to Plaintiff's Second Motion to Strike Equifax's Affirmative Defenses and Memorandum in Support ("Motion to Strike"). (Doc. 23). Mr. Mack moved to strike Equifax Inc.'s First and Second Affirmative Defenses in its Amended Answer. (*Id.*). For the reasons set forth below, the Second Motion to Strike should be denied.

**BACKGROUND**

On January 3, 2018, Mr. Mack filed his Complaint in this action. (Doc. 1.) The Complaint alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1), concerning Equifax Inc.'s alleged failure to provide Mr. Mack with a "full consumer file disclosure." (*Id.* at ¶¶ 9-30, 39-42). On February 2, 2018, Equifax filed its Answer to the Complaint. (Doc. 11). On February 22, 2018, Equifax filed its Amended Answer to the Complaint. (Doc. 19). In its Amended Answer, raised the following affirmative defenses:

**FIRST DEFENSE**

Equifax Inc., is not a proper party to this action. Equifax Inc., does not maintain a database of consumer credit information, does not handle consumer

credit files or issue consumer credit reports, and does not investigate consumer disputes.

**SECOND DEFENSE.**

Equifax Inc., is not a consumer reporting agency as defined by the FCRA. Equifax Inc., does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

(Doc. 19 at 6).

On February 23, 2108, Mr. Mack filed a Motion to Strike Equifax Inc.'s Affirmative Defenses, (Doc. 20), and on February 26, 2018, Mr. Mack filed a Second Motion to Strike Equifax Inc.'s Affirmative Defenses, (Doc. 23). On March 9, 2018, this Court denied as moot Mr. Mack's first Motion to Strike Equifax Inc.'s Affirmative Defenses. (Doc. 29).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(f) empowers the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, as Mr. Mack concedes, "striking a portion of a pleading is a drastic remedy . . . [M]otions under Rule 12(f) are viewed with disfavor and are infrequently granted." (Doc. 23 at 1 (quoting *F.D.I.C. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)).

When pleading affirmative defenses, a defendant need only recite a short and plain statement of the defense being asserted that will give the other party "fair notice" of the claim and the grounds upon which it rests. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see also SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 16-CV-01165-RWS-JDL, 2017 WL 5150682, at *7 (E.D. Tex. Mar. 21, 2017) (same); *Campmed Cas. & Indemn. Co. v. Specialists on Call, Inc.*, No. 16-CV-00452, 2017 WL 373463, at *3 (E.D. Tex. Jan 26, 2017) (same). The "fair notice" requirement is met if the defendant "sufficiently articulated the defense

so that the plaintiff was not a victim of unfair surprise." *Woodfield*, 193 F.3d at 362 (citation omitted).

Additionally, the court must not strike a defense as immaterial or impertinent unless "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy; or (2) the challenged portion may prejudice the moving party." *Microsoft Corp. v. Worth*, No. 3:06-cv-2213, 2007 WL 1975574, at * 2 (N.D. Tex. July 5, 2007) (citation omitted). Affirmative defenses should be stricken only when insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

## ARGUMENT

Mr. Mack attacks Equifax's First and Second Affirmative Defenses as "attempts to hide behind a corporate structure with numerous entities using the Equifax name to avoid liability." (*See* Motion to Strike at 3). Mr. Mack's Second Motion to Strike implicitly acknowledges that he has "fair notice" of the two affirmative defenses and the grounds upon which they rest. Nowhere in the Second Motion to Strike does Mr. Mack demonstrate that Equifax's First and Second Affirmative Defenses have no possible relation to this case.

Additionally, as the moving party, Mr. Mack bears the burden of establishing that it would be prejudiced by Equifax's affirmative defenses. Mr. Mack has wholly failed to make this showing. Because Mr. Mack fails to demonstrate prejudice or that the affirmative defenses bear no possible relation to his claims, he has not met the standard for the "drastic" and "disfavored" remedy under Rule 12(f). *F.D.I.C.*, 821 F. Supp. at 449.

In his Second Motion to Strike, Mr. Mack offers two arguments to show that Equifax Inc. is a consumer reporting agency subject to the FCRA. *First*, Mr. Mack states that he sent a letter

to "Equifax" without specifying which Equifax entity received or responded to his letter. (Doc. 23 at 3). Indeed, he does not even specify: (1) which Equifax entity was the intended recipient of his letter, (2) the address of Equifax Inc., or (3) the name of the entity that bears the address he provided as his intended destination. *Second*, Mr. Mack offers a snippet of information allegedly from "Bloomberg." The snippet does not state that Equifax Inc. is a consumer reporting agency subject to the FCRA. To the contrary, the snippet states that other entities offer "consumer and commercial information services, such as credit information and credit scoring." (Doc. 23 at 3). The snippet is inadmissible as unauthenticated hearsay. Federal Rules of Evidence 801(c), 901(a). *Third*, Mr. Mack offers pieces of a consent decree that is not itself offered into evidence. (Doc. 23 at 4). Again, the offered language does not state that Equifax Inc. is a consumer reporting agency subject to the FCRA. Rather, the offered language merely suggests that Equifax Inc. may be a "covered person" or the "affiliate" of a covered person pursuant to 12 U.S.C. § 5481(6). Mr. Mack does not offer any further evidence.

## CONCLUSION

For the reasons stated above, Ms. Mack's Second Motion to Strike should be denied.

Dated: March 12, 2018                                              Respectfully submitted,

                                                                   KING & SPALDING LLP

                                                                   /s/ *Kendall W. Carter*
                                                                   Kendall W. Carter
                                                                   Texas Bar No. 24091777
                                                                   kcarter@kslaw.com
                                                                   1180 Peachtree Street NE
                                                                   Atlanta, GA 30309
                                                                   Tel (404) 572-2459

                                                                   *Counsel for Equifax Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 12th day of March, 2018 electronically filed a true and correct copy of the foregoing via the CM-ECF system to the following counsel of record:

| | |
|---|---|
| Autumn Hamit Patterson<br>Richard J Johnson<br>Jones Day - Dallas<br>2727 North Harwood Street<br>Dallas, TX 75201-1515<br>Email: ahpatterson@jonesday.com<br>Email: jjohnson@jonesday.com<br>***Counsel for Experian Information Solutions, Inc.*** | Kristin Lee Marker<br>Strasburger & Price, LLP<br>2600 Dallas Parkway<br>Suite 600<br>Frisco, TX 75034<br>Email: kristin.marker@strasburger.com<br>***Counsel for Trans Union LLC*** |

And via U.S. Mail to:

David E Mack
7720 McCallum Blvd No. 2099
Dallas, TX 75252

*/s/ Kendall W. Carter*
Kendall W. Carter