# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID E. MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 4:18-cv-00006-ALM-CAN |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS EQUIFAX INC.'S AND EQUIFAX INFORMATION SERVICES LLC'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT
<u>AND BRIEF IN SUPPORT OF THE MOTION</u>**

Kendall W. Carter
Texas Bar No. 24091777
kcarter@kslaw.com
1180 Peachtree Street NE
Atlanta, GA 30309
Tel (404) 572-2459

*Counsel for Equifax Inc.*

**TABLE OF CONTENTS**

INTRODUCTION..................................................................................................................1

STANDARD OF REVIEW ...................................................................................................2

ARGUMENT..........................................................................................................................3

I.      Equifax Inc. Is Not a Consumer Reporting Agency.............................................3

II.     Mr. Mack's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.................................................................................................9

    A.     "Consumer file" is defined as the information contained in a consumer's credit report/disclosure. ...............................................................................................10

    B.     Plaintiff admits he received a copy of his credit report/disclosure from Equifax. ......11

    C.     Mr. Mack provides no factual basis for his assertion that the "credit report" he received was not his "full consumer file disclosure."..................................12

CONCLUSION ....................................................................................................................13

CERTIFICATE OF SERVICE ............................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams Offshore Ltd. v. OSA Int'l, LLC*,
 Civ. A No. H-09-0465, 2011 WL 4625371 (S.D. Tex. Sept. 30, 2011) ...................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................2, 3, 12

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)......................................................................................................2, 12

*Bollore S.A. v. Import Warehouse, Inc.*,
 448 F.3d 317 (5th Cir. 2006) ........................................................................................7, 8

*Castleberry v. Branscum*,
 721 S.W.2d 270 (Tex. 1986)................................................................................................7

*Causey v. Sewell Cadillac–Chevrolet*,
 394 F.3d 285 (5th Cir. 2004) ................................................................................................3

*Channing v. Equifax, Inc.*, *.*,
 No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013).............................5, 6, 7, 9

*United States ex rel. Doe v. Dow Chem. Co.*,
 343 F.3d 325 (5th Cir. 2003) ..............................................................................................12

*Frihat v. Citimortgage, Inc.*,
 No. 07-CV-946, Doc. 60 (W.D. Mo. Dec. 1, 2009) .............................................................6, 9

*Greear v. Equifax, Inc.*,
 No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) .........................................5, 6, 9

*Lawrence v. Richman Group of Conn., LLC*,
 2004 WL 2377140 (D. Conn. Sept. 30, 2004) .....................................................................13

*Lucas v. Texas Industries, Inc.*,
 696 S.W.2d 372 (Tex. 1984)................................................................................................7

*Mack v. Midland Credit Mgmt., Inc.*,
 No. 4:14CV265, 2015 WL 140034 (E.D. Tex. Jan. 7, 2015) ..................................................3

*Mancorp, Inc. v. Culpepper*,
 802 S.W.2d 226 (Tex. 1990)..............................................................................................7, 8

*McDonald v. Equifax, Inc. et al.*,
   Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) ................................................. 6, 9

*Estate of Montana Lance v. Lewisville Indep. Sch. Dist.*,
   No. 4:11-CV-00032, 2012 WL 12876847 (E.D. Tex. May 4, 2012), *report and recommendation adopted sub nom. Estate of Lance ex rel. Lance v. Kyer*, No. 4:11-CV-32, 2012 WL 5384200 (E.D. Tex. Sept. 11, 2012), *aff'd sub nom. Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982 (5th Cir. 2014) .................. 2, 3, 9

*Moran v. The Screening Pros, LLC*,
   9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22 ................................................................... 10

*Oxford Asset Mgmt. v. Jaharis*,
   297 F.3d 1182 (11th Cir. 2002) ............................................................................................. 2

*Persson v. Equifax Inc.*,
   No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) ......................................................... 6, 9

*Pettway v. Equifax Info. Servs., LLC*,
   No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17, 2010) ............................. 11

*Ransom v. Equifax Inc.*,
   No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) ...................................... 6, 9

*Scanlan v. Texas A & M Univ.*,
   343 F.3d 533 (5th Cir. 2003) ................................................................................................ 3

*Slice v. Choicedata Consumer Servs., Inc.*,
   No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) ................................. 5, 6, 9

*United States ex re. Rafizadeh v. Cont'l Common Inc.*,
   553 F.3d 869 (5th Cir. 2008) .............................................................................................. 13

*Wantz v. Experian Info. Solutions*,
   386 F.3d 829 (7th Cir. 2004) .............................................................................................. 11

*Weiler v. Equifax Inc.*,
   No. 2:99-CV-936, Doc. 29 (W.D. Pa. Nov. 16, 2000) ........................................................ 6, 9

*United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*,
   336 F.3d 375 (5th Cir. 2003) ......................................................................................... 12, 13

*United States ex rel. Williams v. Bell Helicopter Textron, Inc.*,
   417 F.3d 450 (5th Cir. 2005) .............................................................................................. 12

**Statutes**

Bus. Corp. Act art. 2.21 ............................................................................................................. 7

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ........................................................... *passim*

15 U.S.C. § 1681a(d) ...................................................................................................................3

15 U.S.C. § 1681a(f) ....................................................................................................................3

15 U.S.C. § 1681g(a)(1)......................................................................................................9, 10, 12

15 U.S.C. § 1681n.........................................................................................................................4

Consumer Financial Protection Act of 2010..............................................................................10

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) .....................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. *passim*

Local Rule CV 7(c).......................................................................................................................1

"40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff
    Report with Summary of Interpretations" ("40 Years Commentary")
    (available at https://www.ftc.gov/sites/default/files/documents/reports/40-
    years-experience-fair-credit-reporting-act-ftc-staff-report-summary-
    interpretations/110720fcrareport.pdf)........................................................................10

Defendants Equifax Inc. ("Equifax Inc.") and Equifax Information Services LLC ("EIS"), by Counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), move the Court to dismiss Plaintiff David Mack's First Amended Complaint for Violations of the FCRA ("FAC") with prejudice. Pursuant to Local Rule CV 7(c), Equifax Inc. and EIS submit the following brief in support of the motion. In addition, Equifax Inc. and EIS adopt and incorporate Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) for Failure to State a Claim (Doc. 40), and incorporate same herein as if copied *in extenso*.

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. *Pro se* Plaintiff David Mack filed his Original Complaint for Violations of the FCRA against Experian Information Solutions, Inc., Trans Union, LLC, and Equifax, Inc. (Doc. 1). Equifax Inc. filed an Answer (Doc. 11) and an Amended Answer (Doc. 19). In response, Mr. Mack twice moved to strike Equifax Inc.'s affirmative defenses. (Docs. 20 and 23). Equifax Inc. then moved for judgment on the pleadings. (Doc. 33). Mr. Mack responded by seeking leave to file his FAC. The Court granted Mr. Mack leave to file his FAC, there being no opposition, and deemed it filed. (March 21, 2017 Minute Entry and Oral Order). The pending motions were denied as moot. (*Id.*).

Equifax Inc. moves this Court to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) as it is not a consumer reporting agency; thus, it cannot be liable under the FCRA. EIS is a consumer reporting agency, and it is the party that responded to Mr. Mack's two written requests. Equifax Inc. and EIS also jointly move to dismiss the FAC as Mr. Mack fails to allege facts sufficient to support a claim for relief. He repeats the statutory language and offers merely speculative and conclusory allegations that he received a "credit report" when he requested a "full consumer file disclosure." Mr. Mack's allegations do not adequately state a claim and fail to

provide Equifax Inc. and EIS with adequate notice of the basis of the claims asserted against it. Accordingly, Mr. Mack's FAC should be dismissed with prejudice.

## STANDARD OF REVIEW

Equifax Inc. and EIS move to dismiss based on Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of Defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 555, 557 n.5. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

"In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion." *Estate of Montana Lance v. Lewisville*

*Indep. Sch. Dist.*, No. 4:11-CV-00032, 2012 WL 12876847, at *1–2 (E.D. Tex. May 4, 2012), *report and recommendation adopted sub nom. Estate of Lance ex rel. Lance v. Kyer*, No. 4:11-CV-32, 2012 WL 5384200 (E.D. Tex. Sept. 11, 2012), *aff'd sub nom. Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982 (5th Cir. 2014). First, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 129 S.Ct. at 1951). Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*

The Court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Texas A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac–Chevrolet,* 394 F.3d 285, 288 (5th Cir. 2004); *Mack v. Midland Credit Mgmt., Inc.*, No. 4:14CV265, 2015 WL 140034, at *2–3 (E.D. Tex. Jan. 7, 2015).

## ARGUMENT

### I. Equifax Inc. Is Not a Consumer Reporting Agency.

A "consumer reporting agency" or "CRA" is defined by the FCRA, 15 U.S.C. § 1681a(f) as:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

The term "consumer report" is defined by 15 U.S.C. § 1681a(d) as:

> The term "consumer report" means any written, oral, or other communication of any information by a *consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a

factor in establishing the consumer's eligibility for (A) credit or insurance … . (Emphasis added.)

Therefore, in order to be held liable under the FCRA, a defendant must be a "consumer reporting agency" that prepared a "consumer report" concerning the plaintiff.

Mr. Mack alleges that Equifax Inc. violated § 1681g the FCRA. (Doc. 35, ¶ 42). Specifically, Mr. Mack alleges he made two written requests to Equifax Inc. for his "full consumer file disclosure." (*Id.* ¶¶ 21, 27). Both letters are addressed ambiguously to "Equifax" without further appellation. (Doc. 35-1 at 2; Doc. 35-2 at 4). Mr. Mack further alleges that in response to the first request, "Plaintiff received a letter from Equifax Information Services LLC" that was "not responsive to his request." (*Id.* ¶ 12). Mr. Mack's own exhibit confirms that EIS, not Equifax Inc., responded to his request. (Doc. 35-3 at 2). In response to the second request, Mr. Mack alleges that "Equifax Inc." sent, and he received, his "credit file." (*Id.* ¶ 30). However, Mr. Mack did not attach a copy of his consumer disclosure; it would have revealed that it was provided by EIS, not Equifax Inc. Mr. Mack seeks statutory damages of $1,000, attorney's fees and costs pursuant to § 1681n of the FCRA. (*Id.* ¶ 67). He does not allege or seek any actual damages. (*Id.*).

In its Amended Answer (Doc. 19), Equifax Inc. affirmatively and repeatedly offers facts explaining that it is not a consumer reporting agency:

### FIRST DEFENSE

Equifax Inc. is not a proper party to this action. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

### SECOND DEFENSE

Equifax Inc. is not a consumer reporting agency as defined by the FCRA. Equifax Inc. does not maintain a database of consumer credit information, does not handle consumer credit files or issue consumer credit reports, and does not investigate consumer disputes.

4

(Doc. 19 at 6).

Equifax Inc. is not a consumer reporting agency; therefore, federal courts consistently dismiss Equifax Inc. in FCRA lawsuits filed by consumers based on allegations similar to those made by Mr. Mack here. Federal courts consistently have held that, based on the plain language of the FCRA, plaintiffs cannot maintain FCRA claims against Equifax Inc., and that Equifax Inc. may not be held liable under the FCRA for actions taken by its subsidiaries. *See e.g.*, *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (dismissing plaintiff's claims because "Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA. Plaintiff cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA."). The District Court for the Eastern District of North Carolina stated as follows:

> ("[P]laintiff has simply sued the wrong party; . . . [Equifax Inc.,] which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. It has not been in the business of assembling or evaluating consumer credit information since 1977. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

*Channing v. Equifax, Inc.*, ., No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (citations omitted.)

In *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005), after considering the plain language of the FCRA and the undisputed Certification of Equifax Inc.'s employee, the court held that Equifax Inc. was not a "consumer reporting agency." 2005 WL 2030690, *3. The court explained that in order for a plaintiff to state a claim under the FCRA, a defendant must fall into one of three groups: (1) a consumer reporting agency; (2) a user of consumer reports; or (3) a furnisher of information to consumer reporting agencies. *Id*. The court dismissed Equifax Inc. holding that a violation of the provisions of the

5

FCRA "necessarily must be committed by a "consumer reporting agency." *Id.* The Court also held that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency. *Id.*

The *Greear*, *Channing*, and *Slice* decisions are three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented here. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because "[b]ased on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report for [plaintiff]."); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (dismissing Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA") (Doc. 33-1). *See also McDonald v. Equifax, Inc. et al.*, Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.) (Doc. 33-2); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (same) (Doc. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (same) (Doc. 33-4).

Despite the evidence that Mr. Mack provided as exhibits to the Complaint clearly indicating that the communications were sent from EIS, he nevertheless alleges with no support that Equifax Inc. subsidiaries, such as EIS and Equifax Consumer Services, LLC but not Equifax Inc., "transfer communications from consumers, as well as consumer information and data based on consumer information and communications," (Doc. 35 ¶ 9), "regularly share FCRA restricted information with sibling[s]," (Doc. 35 ¶ 13). Mr. Mack alleges that the Equifax entities have the same branding, labeling, and logo. (Doc. 35 ¶ 8, 10).

Mr. Mack concedes that Equifax Inc. is a parent holding company of EIS. (Doc. 35 ¶7). Thus, it appears that Mr. Mack is attempting to assert an argument that the corporate veil should be

FCRA "necessarily must be committed by a "consumer reporting agency." *Id.* The Court also held that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency. *Id.*

The *Greear*, *Channing*, and *Slice* decisions are three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented here. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because "[b]ased on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report for [plaintiff]."); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (dismissing Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA") (Doc. 33-1). *See also McDonald v. Equifax, Inc. et al.*, Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.) (Doc. 33-2); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (same) (Doc. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (same) (Doc. 33-4).

Despite the evidence that Mr. Mack provided as exhibits to the Complaint clearly indicating that the communications were sent from EIS, he nevertheless alleges with no support that Equifax Inc. subsidiaries, such as EIS and Equifax Consumer Services, LLC but not Equifax Inc., "transfer communications from consumers, as well as consumer information and data based on consumer information and communications," (Doc. 35 ¶ 9), "regularly share FCRA restricted information with sibling[s]," (Doc. 35 ¶ 13). Mr. Mack alleges that the Equifax entities have the same branding, labeling, and logo. (Doc. 35 ¶ 8, 10).

Mr. Mack concedes that Equifax Inc. is a parent holding company of EIS. (Doc. 35 ¶7). Thus, it appears that Mr. Mack is attempting to assert an argument that the corporate veil should be

pierced. Such an argument should be rejected. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Channing*, 2013 WL 593942, at *3 (quoting *United States v.. Bestfoods,* 524 U.S. 51, 61 (1998) (quotations omitted)). Corporate veil-piercing is "an exception to the general rule which forbids disregarding corporate existence." *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 374 (Tex. 1984). "The corporate form normally insulates shareholders, officers and directors from liability for corporate obligations [.]" *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1986), superseded in part by former Bus. Corp. Act art. 2.21, recodified at Tex. Bus. Org. Code Ann. § 21.223. Veil-piercing is an equitable doctrine through which a court holds a shareholder liable for the obligations of its corporation. *Id.* at 271-72. "Texas courts apply the same veil-piercing principles to both corporations and [LLCs]." *Adams Offshore Ltd. v. OSA Int'l, LLC*, Civ. A No. H-09-0465, 2011 WL 4625371, at *8 (S.D. Tex. Sept. 30, 2011) (citing *McCarthy v. Wani Venture, A. S.*, 251 S.W.3d 573, 590 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)). Veil-piercing "is not a claim or independent cause of action" under Texas law; instead, "it is a remedy to enforce a claimed substantive right." *U.S. Bank Nat'l Ass'n*, 2012 WL 3100778, at * 16 (citing *W. Oil & Gas JV, Inc. v. Griffiths*, 91 Fed.Appx. 901, 903-04 (5th Cir. 2003)).

Under Texas law, "[a]lter ego applies when there is such unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice." *Bollore S.A. v. Import Warehouse, Inc.*, 448 F.3d 317, 325 (5th Cir. 2006) (quoting *Castleberry*, 721 S.W.2d at 272). An "alter ego relationship may be shown from the total dealings of the corporation and the individual." *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990) (emphasis in original). Factors that Texas courts consider include:

7

> [1] the total dealings of the corporation and the individual, including [a] the degree to which corporate formalities have been followed and [b] corporate and individual property have been kept separately, [2] the amount of [a] financial interest, [b] ownership, and [c] control the individual maintains over the corporation, and [3] whether the corporation has been used for personal purposes.

*Bollore*, 448 F.3d at 325 (quoting *Permian Petroleum Co. v. Petroleos Mexicanos*, 934 F.2d 635, 643 (5th Cir. 1991); *see also Mancorp, Inc.*, 802 S.W.2d at 228. Courts may also consider (1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failures to keep corporate and personal assets separate. *Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 458 (Tex. App.—Dallas 2012, pet. denied) (citing *Mancorp, Inc.*, 802 S.W.2d at 228; *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 372 (Tex. App.—El Paso 2010, no pet.); *Sparks v. Booth*, 232 S.W.3d 853, 868 (Tex. App.—Dallas 2007, no pet.)). All of the aforementioned factors are potentially relevant; no single factor is sufficient or necessary. *See Wilson*, 305 S.W.3d at 69 (quoting *Castleberry*, 721 S.W.2d at 273). However, an individual's standing as an officer, director, or majority shareholder of an entity is, in and of itself, insufficient to support a finding of alter ego. *Penhollow*, 320 S.W.3d at 372-73; *Sparks*, 232 S.W.3d at 869. Moreover, "[p]arties are not... jointly liable for a corporation's obligations 'merely because they [are] part of a single business enterprise,' i.e., 'merely because of centralized control, mutual purposes, and shared finances.'" *Tryco Enters., Inc. v. Robinson*, 390 S.W.3d 497, 508 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd)) (quoting *SSP Partners*, 275 S.W.3d at 455). Rather, whether a party ignored corporate structure involves two considerations: (1) the relationship between the two entities and (2) whether the entities' use of the corporate form was illegitimate. *SSP Partners*, 275 S.W.3d at 455.

Mr. Mack's conclusory allegations are insufficient to sufficiently plead his alter ego claim as compared to the list of factors considered under Texas law. *See Estate of Montana Lance.*, 2012 WL 12876847, at *1–2 (finding that the Court should identity and disregard conclusory allegations for they are "not entitled to the assumption of truth."). Plaintiff cannot save his claims against Equifax Inc. by creating a theory having no basis in reality. Mr. Mack's allegations are not well-pled and therefore, should not be afforded any weight. Accordingly, the Court should dismiss Mr. Mack's claims against Equifax Inc.

Dismissal is warranted here just as it was in *Greear*, *Channing*, *Slice*, *Ransom*, *Frihat*, *McDonald, Persson*, and *Weiler*. The issues are virtually identical. Equifax Inc. is not a consumer reporting agency and, therefore, is not subject to the FCRA and cannot be held liable under the FCRA. There is no reason for this Court to deviate from this strong and unbroken line of authority.

## II. Mr. Mack's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.

Mr. Mack's FAC is also subject to dismissal under Rule 12(b)(6) against both Equifax Inc. and EIS because it fails to state facts sufficient to support a claim for relief under the FCRA. Mr. Mack alleges that "Equifax failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Doc. 35 ¶ 67). Section 1681g(a)(1) of the FCRA states that, upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that – (A) if the consumer . . . requests that that the first five digits of the social security number [be truncated, the consumer reporting agency shall do so], and (B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the consumer reporting agency

9

failed to provide the consumer with the consumer file. Here, Mr. Mack merely recites in conclusory fashion that he did not receive a full consumer file disclosure at the same time admitting Equifax[1] timely responded and produced a "credit report." (*See* Doc. 35 ¶ 30). Mr. Mack's averments are insufficient.

### A. "Consumer file" is defined as the information contained in a consumer's credit report/disclosure.

The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. See 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually*

---

[1] As set forth in Argument section I, Equifax Inc. is not a CRA. EIS is a CRA, and it is the entity that responded to Mr. Mack's two written requests. (FAC Exhibit 3, Doc. 35-3 at 2).

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

*contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Mr. Mack alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." (Doc. 35 ¶ 45). Mr. Mack offers no factual enhancements to support his speculative conclusory statement. Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

    **B.    Plaintiff admits he received a copy of his credit report/disclosure from Equifax.**

Mr. Mack misunderstands how a "consumer report" is different from a consumer disclosure or credit file. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Pettway*, at *7 (citing 15§ 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

Mr. Mack's sole allegation against Equifax Inc. and EIS is that he did not receive his "full consumer file disclosure" as requested. (*See* Doc. 35 ¶¶ 21-22, 27, 30). Mr. Mack states that he sent "Equifax" a request for his full consumer file disclosure, and in response received a copy of his "credit report." (*Id.* at ¶¶ 17, 20). He does not dispute that he received this document upon his request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Mr. Mack, the consumer, was the recipient, what he received was exactly what he requested – a full consumer file disclosure.

11

Thus, by Mr. Mack's own admission, Equifax Inc. and EIS complied with § 1681g(a)(1) and relevant federal case precedent by providing his consumer disclosure to her. Accordingly, Mr. Mack has failed to allege sufficient facts to support a cause of action against Equifax Inc. and EIS under the FCRA, and the Court should grant judgment on the pleadings and dismiss his claim under Rule 12(b)(6).

C. **Mr. Mack provides no factual basis for his assertion that the "credit report" he received was not his "full consumer file disclosure."**

Notably absent from Mr. Mack's FAC is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, he offers speculative conclusions with no factual basis that information has been excluded from his consumer file. He acknowledges the speculative nature of his statements by stating that "one can only surmise." (*See* Doc. ¶ 52). He assumes that such information includes the following categories:

- "additional information never seen by him that is provided to prospective creditors, insurers or employers who request information on Plaintiff" (*id.* ¶ 42);

- "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 43); and

- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." *(id.* ¶ 45).

Specifically, he alleges "[u]pon information and belief" that these types of information are missing from his disclosure. (*Id.* ¶¶ 42, 43, and 45). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" when facts about the fraud are "peculiarly within the perpetrator's knowledge." *United States ex rel. Doe v. Dow Chem. Co.,* 343 F.3d 325, 330 (5th Cir. 2003); *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375, 385 (5th Cir. 2003); *see also United States ex rel. Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 454 (5th Cir. 2005). However, this

exception "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Willard,* 336 F.3d at 385. "Even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.* The rationale for reducing the pleading burden when information is in the defendant's possession appears to spring from the fact that an adverse party would not willingly divulge incriminating information. *Lawrence v. Richman Group of Conn., LLC,* 2004 WL 2377140, at *4–5 (D. Conn. Sept. 30, 2004). Where the information needed to fill out the complaint is in the hands of third parties, rather than defendants, this rationale for reducing the pleading burden does not apply. *United States ex rel. Rafizadeh v. Cont'l Common Inc.,* 553 F.3d 869, 873 n. 6 (5th Cir. 2008).

Here, the FAC contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document he admits receiving. Mr. Mack's FAC should be dismissed because he has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

## CONCLUSION

Defendants Equifax Inc. and EIS respectfully request that this Honorable Court grant judgment on the pleadings and dismiss Mr. Mack's FAC pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Dated: April 3, 2018　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　KING & SPALDING LLP

　　　　　　　　　　　　　　　　　　　　　/s/ *Kendall W. Carter*
　　　　　　　　　　　　　　　　　　　　　Kendall W. Carter
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24091777
　　　　　　　　　　　　　　　　　　　　　kcarter@kslaw.com
　　　　　　　　　　　　　　　　　　　　　1180 Peachtree Street NE
　　　　　　　　　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　　　　　　　　　Tel (404) 572-2459
　　　　　　　　　　　　　　　　　　　　　*Counsel for Equifax Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that I have this 3rd day of April, 2018 electronically filed a true and correct copy of the foregoing via the CM-ECF system to the following counsel of record:

Autumn Hamit Patterson
Richard J Johnson
Jones Day - Dallas
2727 North Harwood Street
Dallas, TX 75201-1515
Email: ahpatterson@jonesday.com
Email: jjohnson@jonesday.com
***Counsel for Experian Information Solutions, Inc.***

Kristin Lee Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, TX 75034
Email: kristin.marker@strasburger.com
***Counsel for Trans Union LLC***

And via U.S. Mail to:

David E Mack
7720 McCallum Blvd No. 2099
Dallas, TX 75252

*/s/ Kendall W. Carter*
Kendall W. Carter