## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| David E. Mack, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 4:18-cv-00006-ALM-CAN |
| | ) | |
| Experian Information Solutions, Inc.; | ) | |
| Trans Union LLC; Equifax, Inc.; Equifax | ) | |
| Information Services LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff David E. Mack's First Amended Complaint for Violations of the FCRA (the "Amended Complaint") as follows:

### JURISDICTION[1]

1.     In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

2.     In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the

---

[1] For ease of reference, Experian incorporated into its answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings.  Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3.      In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is David E. Mack.  As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4.      In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesa, CA 92626.  In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Experian denies, generally and specifically, that the ConsumerView marketing database is its database and that the Financial and Wealth Audiences is its product.  As to the remaining allegations in paragraph 5 of the Amended Complaint, including those allegations regarding Experian's subsidiaries and partners, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.     In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12.     In response to paragraph 12 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.  As to the remaining allegations in paragraph 12,  Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

13.     In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**VENUE**

16.     In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17.     In response to paragraph 17 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in the Eastern District of Texas is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

18.     In response to paragraph 18 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 18 inconsistent therewith.  As to the remaining allegations in paragraph 18, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

19.     In response to paragraph 19 of the Amended Complaint, Experian admits that a portion of Exhibit 1 appears to be a redacted copy of the letter that Plaintiff sent to Experian, which contained a request for a consumer disclosure.  Experian further admits that it received Plaintiff's letter on September 21, 2017.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 19 of the Amended Complaint.

20.     In response to paragraph 20 of the Amended Complaint, Experian denies that Plaintiff only received a six page document and denies that its response was not responsive to Plaintiff's request.  Experian avers that it sent Plaintiff his consumer disclosure information, along with other information related to Experian's reinvestigation process and Plaintiff's rights. Experian also avers that it sent Plaintiff a two page letter explaining how to dispute the accuracy or completeness of information on his personal credit report.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 20 of the Amended Complaint.

21.     In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24.     In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25.     In response to paragraph 25 of the Amended Complaint, Experian admits that some allegations contained therein and in Exhibit 1 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 and Exhibit 1 inconsistent therewith. Experian further admits that some allegations in paragraph 25 purport to describe Exhibit 1. Experian avers that Exhibit 1 speaks for itself.   Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 25 of the Amended Complaint.

26.     In response to paragraph 26 of the Amended Complaint, Experian admits that Plaintiff attached what appears to be a copy of his driver's license and social security card to the request he sent to Experian in September 2017.  Experian denies that the copies were completely legible.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation.

27.     In response to paragraph 27 of the Amended Complaint, Experian denies that it failed to comply with Plaintiff's request.  Experian affirmatively states it provided Plaintiff with his consumer disclosure.  Experian admits that Plaintiff sent another communication to Experian, requesting a full consumer file disclosure.  Experian admits that a portion of Exhibit 2 appears to be a copy of a letter that Plaintiff sent to Experian.  Experian further admits that a copy of the earlier communication, social security card, and driver's license appear to be attached to the later communication.  Experian denies that the copies of the social security card and driver's license were completely legible.   As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

28.     In response to paragraph 28 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with all information to which he is entitled under 15 U.S.C. § 1681g(a)(1).  Experian further denies that the information it provided was not responsive to

Plaintiff's request and denies that it only provided six pages of information.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 29 of the Amended Complaint.

30.    In response to paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31.    In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.    In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.    In response to paragraph 33 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 33 inconsistent therewith.  Experian denies the allegation that it attempts to obfuscate the facts and states that some of the allegations in paragraph 33 are legal conclusions that are not subject to denial or admission.   As to the remaining allegations in paragraph 33, Experian does not have knowledge or information sufficient to form a belief as to

the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 33 of the Amended Complaint.

34.     In response to paragraph 34 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian denies that all information provided was completely legible.

35.     In response to paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36.     In response to paragraph 36 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37.     In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39.     In response to paragraph 39 of the Amended Complaint, Experian denies that it has violated the FCRA and denies that it has withheld information from Plaintiff that must be disclosed

pursuant to the FCRA.   Experian further denies that any alleged violation of the law has been deliberate or intentional.   Experian admits that some allegations contained in paragraph 39 purport to describe what the Fair Credit Reporting Act requires.   Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 39 inconsistent therewith.   As to the remaining allegations regarding other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 39 of the Amended Complaint.

40.      In response to paragraph 40 of the Amended Complaint, Experian states that some of the allegations are legal conclusions that are not subject to denial or admission.  As to the other allegations in paragraph 40, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 40 of the Amended Complaint.

41.      In response to paragraph 41 of the Amended Complaint, Experian admits that some allegations in paragraph 41 purport to describe Exhibit 1 and Exhibit 2.  Experian avers that Exhibit 1 and Exhibit 2 speak for itself.  As to the remaining allegations in paragraph 41 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.      In response to paragraph 42 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.   As to the remaining allegations in paragraph 42, Experian does not have knowledge or information sufficient to form a belief as to

the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Amended Complaint.

43.     In response to paragraph 43 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.   Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).   As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44.     In response to paragraph 44 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.   Experian admits that some allegations contained in paragraph 44 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 44 inconsistent therewith.   As to the remaining allegations in paragraph 44, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45.     In response to paragraph 45 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.   Experian denies that it provides

information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  Experian admits that some allegations contained in paragraph 45 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 45 inconsistent therewith.  As to the remaining allegations in paragraph 45, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Amended Complaint.

46.     In response to paragraph 46 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure and denies that it violated the law. Experian further denies the allegations that it has attempted to obfuscate Plaintiff's requests. Experian avers that, in response to both of Plaintiff's request for a full consumer file disclosure, Experian sent Plaintiff a consumer disclosure that contained all of the consumer information that Experian is required to provide by 15 U.S.C. § 1681g.  As to the remaining allegations in paragraph 46, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Amended Complaint.

47.     In response to paragraph 47 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with the consumer information to which he was entitled under the Fair Credit Reporting Act.  Experian admits that some allegations in paragraph 47 purport to describe Exhibits 1 and 2.  Experian avers that Exhibits 1 and 2 speaks for themselves.  As to the remaining allegations in paragraph 47, Experian does not have knowledge or information sufficient to form

a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 47 of the Amended Complaint.

48.     In response to paragraph 48 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50.     In response to paragraph 50 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the Fair Credit Reporting Act or other law, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 50, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Amended Complaint.

51.     In response to paragraph 51 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52.     In response to paragraph 52 of the Amended Complaint, Experian admits that some allegations contained in paragraph 52 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 52 inconsistent therewith.  As to the remaining allegations in paragraph 52, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Amended Complaint.

53.     In response to paragraph 53 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged damages.  Experian further denies that it failed to provide a consumer disclosure to Plaintiff that contained all of the consumer information required by 15 U.S.C. 1681g.  As to the remaining allegations in paragraph 53 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 53 of the Amended Complaint.

54.     In response to paragraph 54 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is at this time without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

56.     In response to paragraph 56 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-55 as if fully set forth herein.

57.     In response to paragraph 57 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

59.     In response to paragraph 59 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with his consumer file disclosure pursuant to 15 U.S.C. 1681g(a)(1). Experian further denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 59 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that he is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

60.     In response to paragraph 60 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-59 as if fully set forth herein.

61.     In response to paragraph 61 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 63 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

64.     In response to paragraph 64 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-63 as if fully set forth herein.

65.     In response to paragraph 65 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 65 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

66.     In response to paragraph 66 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

67.     In response to paragraph 67 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 67 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## <u>DEMAND FOR TRIAL BY JURY</u>

In response to the unnumbered paragraph at the top of page 18 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

## <u>DEFENSES</u>

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief.  By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion

with respect to any of these defenses.  Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1.      The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.  The Amended Complaint's deficiencies include, but are not limited to, failing to plead willfulness and injury sufficiently.  Moreover, the Amended Complaint demonstrates that Experian complied with the Fair Credit Reporting Act and provided plaintiff with his consumer disclosures in response to both Plaintiff's September 2017 and October 2017 requests.

2.      Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury.  Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3.      To the extent Plaintiff has suffered any damages, he failed to mitigate his damages and costs.  Upon information and belief, Plaintiff did not send Experian a dispute regarding any information contained in the consumer file disclosures that Experian provided Plaintiff in September 2017 and October 2017.

4.      The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

5.      The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

6.     The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided Plaintiff with his consumer disclosures, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A)     That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B)     For costs of suit and attorneys' fees herein incurred; and

(C)     For such other and further relief as the Court may deem just and proper.

Dated: April 4, 2018                                    Respectfully submitted,

                                                         /s/ Autumn Hamit Patterson
                                                        Autumn Hamit Patterson
                                                        ahpatterson@jonesday.com
                                                        Texas State Bar No. 24092947
                                                        Richard J. Johnson
                                                        jjohnson@jonesday.com
                                                        Texas State Bar No. 24088799
                                                        JONES DAY
                                                        2727 North Harwood St., Suite 500
                                                        Dallas, Texas  75201-1515
                                                        Telephone: (214) 220-3939
                                                        Facsimile:   (214) 969-5100

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 4, 2018.

I further certify that I caused a copy of the foregoing document to be mailed and emailed to the following non-ECF participant on April 4, 2018:

>David E. Mack
>7720 McCallum Blvd No. 2099
>Dallas, TX 75252
>mack2001@swbell.net

>   */s/ Autumn Hamit Patterson*
>Autumn Hamit Patterson