IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DAVID E. MACK,

        Plaintiff,

v.                                             Case No. 4:18-cv-00006-ALM-CAN

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and EQUIFAX INC.,

        Defendants.

**DEFENDANT TRANS UNION LLC'S REPLY TO
PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

Defendant Trans Union LLC ("Trans Union") hereby files this Reply to Plaintiff's

Memorandum in Opposition to Its Motion to Dismiss Plaintiff's First Amended Complaint for

Failure to State a Claim Under Rule 12(b)(6) and would respectfully show the Court as follows:

**A.  DEFENDANT'S REFERENCE TO PLAINTIFF'S EXPERIENCE AND HISTORY
FILING LAWSUITS IS NOT AN *AD HOMINEM* ATTACK**

As stated in Defendant's Motion, Plaintiff has significantly more experience with

lawsuits and the requirements of the Federal Rules of Civil Procedure than the normal *pro se*

plaintiff.  Defendant's reference to such experience is intended only to highlight this fact.

Defendant merely wishes the Court to be aware of Plaintiff's experience when considering his

status as a *pro se* litigant and the sufficiency of his initial pleading.

**B.  SECTION 1681g APPLIES ONLY TO A "CONSUMER DISCLOSURE FILE",
NOT A "CREDIT REPORT"**

Plaintiff incorrectly states in the Opposition that Trans Union is "conflating the words

disclosure and credit report . . . arguing they are synonymous." [Dkt. 43, p. 5].   A "consumer

report" is different than a "consumer disclosure". *Pettway v. Equifax Info. Servs., LLC*, 2010

U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by

a credit reporting agency ("CRA") and delivered *to a third party* for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)) (emphasis added). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.  *Norman v. Lyons*, 2013 U.S. Dist. LEXIS 24172 (N.D. Tex. February 22, 2013), at *7.  "Accordingly, one cannot prove the existence of a 'consumer report' unless the report was furnished to a third party."  *Id.*

In this case, Plaintiff received his <u>consumer disclosure</u>, because he is the consumer. There is no allegation that a <u>consumer report</u> was generated in this case—that is, Plaintiff has not alleged nor provided the factual basis for an assertion that his information was sent to a third party.  Plaintiff alleges in his Complaint that he (the consumer) requested his consumer file information, and admits that Defendant sent him his consumer disclosure.  Any assertions in the Complaint regarding information submitted to third parties are purely speculative and irrelevant, as Plaintiff clearly stated that he is "clearly not making any claim regarding information that **HAS** been provided to a third party that he is aware of nor is he disputing the accuracy of any information in his file that may have been provided to a third party." *See* Amended Complaint, ¶ 48.

Moreover, Plaintiff's sole cause of action in his Complaint is violation of 15 U.S.C. 1681g(a)(1).  As Defendant stated in the Motion to Dismiss, Section 1681g(a)(1) requires a consumer reporting agency to disclose information to the *consumer* upon request. [Dkt. 40]. This section has nothing to do with the information that is contained in a "consumer report" to a

third party.  Because Plaintiff's claim involves an alleged violation of section 1681g, the only disclosure at issue is that which is sent to the *consumer*.

### C. EXTRINSIC EVIDENCE INTRODUCED IN PLAINTIFF'S OPPOSITION SHOULD BE DISREGARDED

It is well established that when considering a Rule 12(b)(6) motion, a court cannot look beyond the face of the pleadings.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  Plaintiff's Opposition introduces a extrinsic evidence, including references to news articles, online resources, and other anecdotal evidence [Dkt. 43, pp. 10, 12], none of which should be considered in the determination of whether the Complaint adequately states a claim upon which relief may be granted.  Plaintiff's Complaint on its face does not factually demonstrate a claim upon which relief can be granted, so the Complaint should be dismissed.

### D. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that Plaintiffs' Complaint be dismissed in its entirety and all claims against Trans Union be dismissed with prejudice.

Respectfully submitted,


*/s/ Kristin Marker*
_____
**KRISTIN MARKER**
Attorney in Charge
Texas Bar No. 24098036
kmarker@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
7800 N. Dallas Parkway, Suite 560
Plano, TX 75024
Telephone: (214) 560-5442
Facsimile:  (214) 871-2111
***Counsel for Defendant Trans Union LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 24th day of April, 2018, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Richard J. Johnson
rjohnson@jonesday.com
Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214) 969-3788
(214) 969-5100 Fax
***Counsel for Experian Information Solutions, Inc.***

Kendall W. Carter
kcarter@kslaw.com
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309
(404) 572-2495
(404) 572-5138 Fax
***Counsel for Equifax, Inc.***

and I hereby certify that I have mailed by United States Postal Service the above and foregoing document to the following non-CM/ECF participants:

David E. Mack
7720 McCallum Boulevard, No 2099
Dallas, TX 75252
***Pro Se Plaintiff***

*/s/ Kristin Marker*
**KRISTIN MARKER**