IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAVID E. MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Case No. |
| v. ) | 4:18-cv-00006-ALM-CAN |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS EQUIFAX INC.'S AND EQUIFAX INFORMATION SERVICES LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendants Equifax Inc. ("Equifax Inc.") and Equifax Information Services, LLC ("EIS") file their Reply in further support of their Motion to Dismiss First Amended Complaint ("Motion to Dismiss," Dkt. 41) the First Amended Complaint for Violations of the FCRA ("FAC," Dkt. 35) and in reply to Plaintiff's Opposition to Equifax Inc.'s and EIS's Motion to Dismiss ("Opposition," Dkt. 44). For the reasons set forth below and in its opening brief, Equifax Inc. and EIS's Motion to Dismiss should be granted.

## ARGUMENT

**I.  Mr. Mack Does Not Allege in His FAC that Equifax Inc. Violated § 1681x.**

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. Specifically, Plaintiff David E. Mack filed his FAC seeking recovery against Equifax Inc. and EIS under 15 U.S.C. § 1681g(a)(l). (Dkt. 35, Count III, ¶¶ 64-67). In the Motion to Dismiss, Equifax Inc. moved to dismiss his claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is not a consumer reporting agency; thus, it cannot be liable under § 1681g of the FCRA. (Dkt. 41 at 3-9).

In his Opposition, Mr. Mack now argues that he made claims against Equifax Inc. and EIS under § 1681g, and against Equifax Inc. under § 1681x. (Dkt. 44 at 2, 4, 6). This is incorrect. Nowhere in his FAC does Mr. Mack make any allegations that Equifax Inc. violated § 1681x nor does he even mention § 1681x in his FAC. (Dkt. 35). Moreover, § 1681x does not provide a private right of action; rather, it gives authority to the Bureau of Consumer Financial Protection to prescribe regulations. 15 U.S.C. § 1681x.

## II.     Equifax Inc. Is Not a Consumer Reporting Agency.

In his Opposition, Mr. Mack argues without any factual or legal basis that correspondence to and from Equifax Inc. concerning the activities of its subsidiaries establishes that Equifax Inc. itself is a consumer reporting agency. (Dkt. 44 at 4). Mr. Mack further argues without any factual or legal basis that anything that bears the name Equifax is attributable to Equifax Inc., and not any of its subsidiaries or affiliates. (Dkt 44 at 5). Mr. Mack's arguments ignore the definition of a consumer reporting agency stated in the FCRA:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S.C. § 1681a(f). Equifax Inc.'s activities in relation to its subsidiaries do not make it a consumer reporting agency as defined by the FCRA. Rather, the sole issue is whether Mr. Mack provides a factual and legal predicate to allege that Equifax Inc.'s activities fit the definition of a consumer reporting agency as stated in § 1681a(f). Mr. Mack fails to do so in his FAC. In his Opposition, Mr. Mack does not posit a legal basis to hold the parent of a consumer reporting agency necessarily liable for the acts of the consumer reporting agency itself.

In its Motion to Dismiss, Equifax cited numerous cases that hold that Equifax Inc. is not a consumer reporting agency. (Dkt. 41 at 6-7 (citing *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017); *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014); *Channing v. Equifax, Inc.*, ., No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Dkt. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (Dkt. 33-1); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Dkt. 80 (W.D. Va. Oct. 28, 2002) (Dkt. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Dkt. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (Dkt. 33-4).

In his Opposition, Mr. Mack argues that the issue of whether Equifax Inc. is a consumer reporting agency should be resolved at the summary judgment stage. (Dkt. 44 at 6). However, Mr. Mack's FAC supplies the necessary facts to resolve the issue now, which makes this case differently situated than *Jones v. Equifax, Inc.* upon which Mr. Mack relies. Mr. Mack concedes that Equifax Inc. is a parent holding company of EIS. (Dkt. 35 ¶7). Mr. Mack alleged in his FAC, "In response to his very specific request for his full consumer file disclosure Plaintiff received a letter from Equifax Information Services LLC," not Equifax Inc. (Dkt. 35 ¶ 22). Mr. Mack's own exhibit confirms that EIS, not Equifax Inc., responded to his request. (Dkt. 35-3 at 2). In response to the second request, Mr. Mack alleges that he received a document that stated the enclosed Research Request Form could be sent to Equifax Information Services LLC. (Dkt. 35 ¶ 30). Mr. Mack makes no allegations that he received anything from Equifax Inc. in response to his requests. (Dkt. 35). Moreover, Mr. Mack fails to cite a single decision that holds that Equifax Inc. is a consumer reporting agency. Accordingly, the Court should grant the Motion to Dismiss Equifax Inc.

### III. Corporate Form and the Doctrine of Piercing the Corporate Veil is Governed by State Law.

In his Opposition, Mr. Mack relies on *Thomas v. Peacock*, 39 F.3d 493, 503 (4th Cir. 1994), *rev'd*, 516 U.S. 349 (1996), to argue that federal law controls the issue of piercing the corporate veil. (Dkt. 44 at 10). However, *Thomas* is not authority for a rule that federal law governs this issue generally; instead, the Thomas court "concluded that the determination of whether to pierce the corporate veil ***in an ERISA action*** is made under federal law,…" *Id.* (emphasis added). ERISA is a totally different type of statute from the FCRA when it comes to federal common law. It is accepted doctrine that Congress specifically delegated to federal courts broad power to create federal common-law rights and obligations under employee benefit plans. Courts create rights and obligations to fill gaps in ERISA. *See, e.g.*, *Guardian Life Ins. Co. of Am. v. Finch*, 395 F.3d 238, 240 (5th Cir. 2004). Thus, ERISA cases applying common law are inapposite to cases involving the FCRA.

Far more importantly, Mr. Mack fails to mention that the United States Supreme Court reversed the *Thomas* decision on the precise point on which Mr. Mack relies:

> Thomas' veil-piercing claim does not state a cause of action under ERISA and cannot independently support federal jurisdiction. Even if ERISA permits a plaintiff to pierce the corporate veil to reach a defendant not otherwise subject to suit under ERISA, Thomas could invoke the jurisdiction of the federal courts only by independently alleging a violation of an ERISA provision or term of the plan. Piercing the corporate veil is not itself an independent ERISA cause of action, "but rather is a means of imposing liability on an underlying cause of action." 1 C. Keating & G. O'Gradney, Fletcher Cyclopedia of Law of Private Corporations § 41, p. 603 (perm. ed.1990). Because Thomas alleged no "underlying" violation of any provision of ERISA or an ERISA plan, neither ERISA's jurisdictional provision, 29 U.S.C. § 1132(e)(1), nor 28 U.S.C. § 1331 supplied the District Court with subject-matter jurisdiction over this suit.

*Peacock v. Thomas*, 516 U.S. 349, 353–54 (1996).

Mr. Mack's conclusory allegations are insufficient to sufficiently plead his alter ego claim under Texas law. *See Estate of Montana Lance.*, 2012 WL 12876847, at *1–2 (finding that

4

the Court should identity and disregard conclusory allegations for they are "not entitled to the assumption of truth."). Plaintiff cannot save his claims against Equifax Inc. by creating a theory having no basis in reality. Mr. Mack's allegations are not well-pled and therefore, should not be afforded any weight. Accordingly, the Court should dismiss Mr. Mack's claims against Equifax Inc.

In his Opposition, Mr. Mack argues that, pursuant to *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010), EIS and Equifax Inc. are "each obligated to provide the full file on each consumer." (Dkt. 44 at 13). This is flat wrong. *Cortez* involved a CRA that accessed information separately maintained by a third party. *Cortez*, 617 F.3d at 611. The CRA argued that it was not required by § 1681g to provide the separately maintained information because it was not part of its database. *Id.* The court, relying on *Gillespie*, held that § 1681g requires a CRA to provide to a consumer in a consumer disclosure, all information that it would furnish to a third party in a consumer report *regardless of where it might be stored*. *Id.* (citing *Gillespie*, 82 F.3d at 90).

Applying *Cortez* here, § 1681g requires EIS to provide all information to a consumer in a consumer disclosure that it would furnish to a third party in a consumer report regardless of where the information might be stored. However, *Cortez* has no application to Equifax Inc. because it is not a CRA. Moreover, § 1681g cannot impose a requirement on Equifax Inc. because it does not furnish consumer reports. Simply put, Equifax Inc. has no obligation to provide all information to a consumer in a consumer disclosure that it would furnish to a third party in a consumer report because it does not furnish consumer reports.

Mr. Mack argues in his Opposition that Equifax Inc. improperly accessed his consumer disclosure during settlement negotiations. (Dkt. 44 at 14-15). As Mr. Mack states in his Opposition:

> In an attempt to settle the matter Plaintiff and Equifax Inc. engaged in discussions of settlement and had supposedly reached an agreement to settle as evidenced by the Notice of Settlement filed with the Court by Mr. Mack. [Doc. 14] As part of the settlement negotiations Equifax, Inc. would provide a settlement agreement for Mr. Mack's review.
>
> Mr. Mack received an email from counsel for Equifax, Inc. that had not only a draft settlement agreement in it but a current copy of his credit file dated February 5, 2018 which Equifax, Inc. wanted to make part of the settlement agreement and have Mr. Mack verify its accuracy as part of the settlement.

(Dkt. 44 at 15). Undersigned counsel routinely represents Equifax Inc. and EIS, and he is currently representing both entities in this case. FCRA plaintiffs routinely seek and are provided a free copy of their consumer disclosure as part of settlement negotiations. Notwithstanding the protection afforded by Federal Rule of Evidence 408, undersigned counsel believed that Mr. Mack sought an updated copy of his consumer disclosure: (1) as part of normal settlement negotiations, and (2) that is the reason why he filed this action. (Dkt. 1; Dkt. 35). As regular counsel for EIS, undersigned counsel sought and obtained a consumer disclosure from EIS because he believed Mr. Mack sought one pursuant to § 1681g as part of this lawsuit. As counsel for both, undersigned counsel is also a limited agent for both. The corporate boundaries of Equifax Inc. and EIS remained intact.

**IV.    Mr. Mack's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**

In his FAC and Opposition, Mr. Mack repeatedly states that he requested his "full consumer file disclosure." (Dkt. 35; Dkt. 44). However, that term cannot be found anywhere in the FCRA, nor does Mr. Mack provide a source for that term.

On the other hand, the term "consumer file" is defined as the information contained in a consumer's credit report/disclosure. The Federal Trade Commission ("FTC")[1] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. *See* 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added).

Although Mr. Mack argues in his Opposition that EIS has provided him only "one slice of the pie" of consumer information it maintains, he offers no factual enhancements to support his

---

[1] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, No. 12-57246, Dkt. 22 (9th Cir. Oct. 4, 2013).

speculative conclusory statement. (Dkt. 44 at 2, 17, 19, 27).[2] Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

Mr. Mack's sole allegation against Equifax Inc. and EIS is that he did not receive his "full consumer file disclosure" as requested. (*See* Dkt. 35 ¶¶ 21-22, 27, 30). Mr. Mack states that he sent "Equifax" a request for his full consumer file disclosure, and in response received a copy of his "credit report." (*Id.* at ¶¶ 17, 20). He does not dispute that he received this document upon his request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Mr. Mack, the consumer, was the recipient, what he received was exactly what he requested – a full consumer file disclosure.

Thus, by Mr. Mack's own admission, Equifax Inc. and EIS complied with § 1681g(a)(1) and relevant federal case precedent by providing his consumer disclosure to him. Accordingly, Mr. Mack has failed to allege sufficient facts to support a cause of action against Equifax Inc. and EIS under the FCRA, and the Court should grant judgment on the pleadings and dismiss his claim under Rule 12(b)(6).

## **CONCLUSION**

For the reasons set forth above and in its original brief, Equifax Inc. and EIS request that this Honorable Court grant Motion to Dismiss and dismiss Mr. Mack's FAC pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

---

[2] Plaintiff makes a vague allegation as to a LexisNexis disclosure allegedly provided to him, (Dkt. 44 at 23, 27), but does not provide any detail as to the information contained within it or that such information existed on his Equifax credit file. This allegation, therefore, should be afforded no weight.

Dated: April 24, 2018

Respectfully submitted,

KING & SPALDING LLP

/s/ *Kendall W. Carter*
Kendall W. Carter
Texas Bar No. 24091777
kcarter@kslaw.com
1180 Peachtree Street NE
Atlanta, GA 30309
Tel (404) 572-2459
*Counsel for Equifax Inc. and Equifax Information Services LLC*

Dated: April 24, 2018

Respectfully submitted,

KING & SPALDING LLP

/s/ *Kendall W. Carter*
Kendall W. Carter
Texas Bar No. 24091777
kcarter@kslaw.com
1180 Peachtree Street NE
Atlanta, GA 30309
Tel (404) 572-2459
*Counsel for Equifax Inc. and Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of April, 2018 electronically filed a true and correct copy of the foregoing via the CM-ECF system to the following counsel of record:

Autumn Hamit Patterson
Richard J Johnson
Jones Day - Dallas
2727 North Harwood Street
Dallas, TX 75201-1515
Email: ahpatterson@jonesday.com
Email: jjohnson@jonesday.com
*Counsel for Experian Information Solutions, Inc.*

Kristin Lee Marker
Strasburger & Price, LLP
2600 Dallas Parkway
Suite 600
Frisco, TX 75034
Email: kristin.marker@strasburger.com
*Counsel for Trans Union LLC*

And via U.S. Mail to:

David E Mack
7720 McCallum Blvd No. 2099
Dallas, TX 75252

*/s/ Kendall W. Carter*
Kendall W. Carter